OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Cecil et al., Appellants, v. Cottrill, Appellee.
[Cite as Cecil v. Cottrill (1993),     Ohio St.3d     .]
Civil procedure -- Language, "within the period provided by
     law for commencing the action," as used in Civ.R. 15(C),
     includes the time for service allowed by Civ.R. 3(A).
                              ---
The language, "within the period provided by law for
     commencing the action," as used in Civ.R. 15(C), includes
     the time for service allowed by Civ.R. 3(A).
                              ---
     (No. 92-1216 -- Submitted May 18, 1993 -- Decided
September 22, 1993.)
     Appeal from the Court of Appeals for Hocking County, No. 91CA10.

     On September 5, 1987, appellant, Donna J. Cecil, was injured when the automobile she was operating was hit from behind by an automobile driven by appellee, James L. Cottrill. The accident report provided that James C. Cottrill ("James C.") was the owner of the vehicle driven by appellee at the time of the accident.  James C. is appellee's father and, at all relevant times herein, appellee and James C. resided at the same address.

     As a result of the accident, Donna and her husband, Robert E. Cecil, appellants, retained counsel.  Thereafter, in a letter dated April 8, 1988, and specifically addressed to appellee James L. Cottrill, appellants' attorney requested that appellee, appellee's insurance company or appellee's attorney contact him to assist in the progress of a settlement and avoid litigation.  Following this letter, it appears that appellants' attorney had various correspondence with appellee's insurance carrier.  Specifically, in a letter dated February 17, 1989, to appellee's carrier, appellants' attorney expressed a desire to negotiate an amicable settlement with respect to the September 5, 1987 accident with "Your Insured:  James L. Cottrill." (Emphasis added.)  Appellants' counsel also stated that if a settlement could not be reached by September 5, 1989, appellants would be forced to file a lawsuit in order to avoid the expiration of the applicable statute of limitations.

It is apparent that an agreement was not reached. Thus, on September 5, 1989, appellants filed their original complaint naming James C. as sole defendant. However, in their complaint, appellants alleged that the "defendant" negligently operated an automobile causing the accident. Appellants sought recovery for injuries sustained by Donna, and Robert joined in the action with a claim for loss of consortium of Donna.

On September 7, 1989, appellants served upon James C., by certified mail, the original complaint. On this same date, James C. informed appellee (his son) that a lawsuit had been filed regarding the September 5, 1987 accident. Further, it appears that appellee's insurance carrier was also immediately informed of the pending action.

An answer to appellants' original complaint was not immediately filed. Rather, appellants, through counsel, reached an agreement with Gary E. Kegg, a claims supervisor with appellee's insurer, allowing an extension in which to file an answer. In a letter dated September 14, 1989, to appellants' attorney, Kegg acknowledged that a suit was filed against "Our Insured: James Cottrill." In this letter, Kegg also confirmed that the suit was filed "to protect the statute [of limitations]," and that the purpose for allowing an extension to file an answer was to facilitate negotiations and reach a settlement. Appellants' attorney responded by letter, confirming that appellants agreed to grant an extension of "indefinite duration" in which an answer could be filed.

On February 28, 1990, appellants amended their original complaint. The amended complaint was virtually identical to appellants' original complaint except that appellants reduced certain damages sustained by Donna as a result of her injuries.

On March 9, 1990, James C. filed an answer to appellants' February 28, 1990 complaint. For the most part, James C. denied the averments in the amended complaint. James C. also asserted that Donna's injuries were caused by her own negligence and that appellants failed to join all necessary parties.

Apparently sometime after appellants filed their amended complaint, appellants discovered that they had mistakenly named James C. as the defendant-driver rather than appellee, James L. -- the real party in interest. Consequently, appellants sought leave to file a second amended complaint to correct this matter.

On January 8, 1991, the trial court, following a hearing, granted appellants' motion to file an amended complaint. Thereafter, the trial court dismissed James C. as a party to appellants' lawsuit.

On February 5, 1991,1 appellee filed his answer and defended on various grounds. Particularly, appellee set forth the affirmative defense that appellants failed to commence an action against him within the applicable statute of limitations. On this same date, appellee filed a motion requesting that the trial court strike appellants' second amended complaint and that the court dismiss appellants' entire action with prejudice. Two days later, and prior to a response by appellants, appellee's motion was granted by the trial court. The trial court essentially concluded that appellants' second amended complaint did not satisfy the requirements of Civ.R. 15(C) and that appellants failed to obtain service on

appellee within the period of time required by Civ.R. 3(A).

On February 15, 1991, appellants filed a motion for relief from judgment. On March 8, 1991, the trial court granted appellants' motion, setting aside its earlier February 7, 1991 decision. However, following a hearing, the trial court reaffirmed its February 7, 1991 decision. In an entry dated May 1, 1991, the trial court adopted the reasoning in its February 7, 1991 entry and dismissed appellants' second amended complaint.

On appeal, the court of appeals affirmed the judgment of the trial court in part and reversed it in part. The court of appeals found that Donna's personal injury claim was time-barred. The court of appeals, however, concluded that Robert's consortium cause of action was properly commenced. The court determined that the consortium claim was not time-barred because that claim was not subject to the two-year limitations period set forth in R.C. 2305.10 but, instead, was subject to the four-year limitations period provided in R.C. 2305.09(D).

The cause is now before this court pursuant to the allowance of a motion and cross-motion2 to certify the record.

Allen Schulman, Jr., for appellants.
Fosson, Mann & Preston and Mark A. Preston, for appellee.

Per Curiam.     The issue presented is whether Civ.R. 15(C), read in pari materia with Civ.R. 3(A) and 15(A), allows appellants' second amended complaint, regarding Donna's personal injury claim,3 to relate back to the time of the filing of the original complaint on September 5, 1989.

Civ.R. 15(C) provides in part:

"Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (Emphasis added.)

Civ.R. 15(C) sets forth three requirements that must be met before an amendment relates back to the original pleading. First, the amended complaint must arise from the same events which support the original complaint. Second, the party "brought in" by the amendment must receive, "within the period provided by law for commencing the action," such notice of the action that the party is able to maintain a defense. Third, within the same period as provided in the second requirement, the new party must have or should have known that but for a mistake concerning the proper party's identity, the action would have been brought against the new party.

There is no question that the first requirement of Civ.R.

15(C) has been met. In their second amended complaint, appellants sought to change only the middle initial of the defendant from James C. to James L.

The controversy in this case is whether the second and third requirements of Civ.R. 15(C) were met "within the period provided by law for commencing the action." Interpreting this language, the court of appeals held that the trial court properly determined that Donna's personal injury action was time-barred. In reaching this conclusion, the court of appeals found that Donna's cause of action was time-barred because appellee did not receive notice of the lawsuit before the expiration of the two-year limitations period set forth in R.C. 2305.10.

We do not agree with the conclusion reached by the court of appeals. As amended, Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Rule 15(C) * * *." (Emphasis added.)

By its very terms, Civ.R. 3(A) provides two conditions for commencement of a civil action. The complaint must be filed and service obtained within one year from the filing. Further, Civ.R. 3(A) must be read in pari materia with Civ.R. 15(C). Amerine v. Haughton Elevator Co. (1989), 42 Ohio St.3d 57, 537 N.E.2d 208.

If we were to accept the conclusion reached by the court of appeals, we would create an anomalous situation in that an accurately named defendant may be served up to one year after the limitations period has expired but a misnamed defendant must receive notice prior to the running of the limitations period.4 The conclusion reached by the court of appeals is a type of situation this court sought to correct when we accepted the amendment to former Civ.R. 3(A) from the Rules Advisory Committee in 1986.

The Editor's Note found in Page's Ohio Revised Code5 to amended Civ.R. 3(A), though not official, provides a useful guide in this area, specifically delineating the interplay between Civ.R. 3(A) and Civ.R. 15(C). In particular, the Editor's Note points out that "if a plaintiff timely files his action within the limitations period and perfects service within one year on the proper defendant, but inadvertently misspells that defendant's name in the complaint, plaintiff may amend his complaint in order to set forth defendant's correct name, and that amendment, pursuant to Civ.R. 15(C), will relate back to the time of the commencement of the action if the statute of limitations has intervened." (Emphasis added.)

It is apparent to us that Civ.R. 3(A) read in pari materia with Civ.R. 15(C) does not require that service be made on a misnamed defendant before the expiration of the applicable statute of limitations. Rather, we find that the language, "within the period provided by law for commencing the action," as used in Civ.R. 15(C), includes the time for service allowed by Civ.R. 3(A).

Keeping the foregoing in mind, we believe that the second and third requirements of Civ.R. 15(C) have been met. This case indeed warrants application of the general recommendation

posited in Civ.R. 15(A) that "[l]eave of court [to amend] shall be freely given when justice so requires."

The record here shows that the defendant sought to be sued was given timely notice of the lawsuit. It is undisputed that James C. and appellee resided at the same address when the original complaint was served at the family residence on September 7, 1989. The lawsuit was served by certified mail, pursuant to Civ.R. 4.1(1), two days after the original complaint was timely filed. On the same date that the original complaint was served, appellee was informed by James C., appellee's father, that a lawsuit had been brought by appellants as a result of the September 5, 1987 accident.

Notice is the essential reason for service. There is no question that under the facts and circumstances of this case, the party intended to be sued was indeed provided adequate notice of such suit.

The mistake in this case is that appellants merely called the appellee by a different name, substituting the wrong middle initial. There is no confusion as to the identity of the defendant sought to be sued. Prior to the time the original complaint was filed, a letter was sent by appellants' attorney to appellee requesting that appellee, appellee's insurance carrier or appellee's attorney contact him (appellants' counsel) so that the matter could be settled without the necessity of litigation. Further, the insurance carrier adjusting the claim was given notice of the suit. In addition, the original complaint, by its very terms, reveals that appellants never intended to sue James C. but, in fact, intended to sue the driver, James L. Cottrill. This is evident by the fact that the body of the original complaint referred only to the driver of the vehicle. Thus, it is clear to us "from the original complaint who the intended defendant was, and if [appellee] did not infer this from the summons and the complaint, [he] should have done so." Hardesty v. Cabotage (1982), 1 Ohio St.3d 114, 117, 1 OBR 147, 149, 438 N.E.2d 431, 434. Moreover, "[s]uch a result comports with the purpose of the Civil Rules. 'The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies.' Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175 [63 O.O.2d 262, 269, 297 N.E.2d 113, 122]. Decisions on the merits should not be avoided on the basis of mere technicalities; pleading is not '"a game of skill in which one misstep by counsel may be decisive to the outcome[;] * * * [rather,] the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson [1957], 355 U.S. 41, 48 [78 S.Ct. 99, 103, 2 L.Ed.2d 80, 84].' Foman v. Davis (1962), 371 U.S. 178, 181-182 [83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226]." Hardesty, supra, 1 Ohio St.3d at 117, 1 OBR at 149, 438 N.E.2d at 434.

Accordingly, for the reasons stated herein, we find that appellants' second amended complaint related back to the date of the original complaint and that the proper defendant received timely notice of the pending action. Therefore, the judgment of the court of appeals is reversed with respect to Donna's cause of action.

Judgment reversed.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick, F.E. Sweeney

and Pfeifer, JJ., concur.

Wright, J., dissents.

FOOTNOTES:
1    Appellee was not actually served with appellants' second amended complaint until February 27, 1991.
2    Appellee had filed a cross-appeal from the judgment of the court of appeals.  However, appellee has filed a notice to dismiss his cross-appeal, stating that he does not intend to pursue such an appeal.
3    Appellants' personal injury claim with respect to injuries sustained by Donna is subject to the two-year limitations period set forth in R.C. 2305.10.  The loss of consortium claim is not at issue.
4    The court of appeals even noted that its decision on this issue resulted in a "legal inequity."
5    An official Staff Note was not released with the 1986 amendment of Civ.R. 3(A).  An Editor's Note was provided by Page's Ohio Revised Code in lieu of a Staff Note.

Wright, J., dissenting.   The majority is concerned that acceptance of the court of appeals' construction would "create an anomalous situation in that an accurately named defendant may be served up to one year after the limitations period has expired but a misnamed defendant must receive notice prior to the running of the limitations period."  I share that concern. However the majority's construction merely replaces one legal inequity with another legal inequity.  Under the majority's ruling a plaintiff who incorrectly names a defendant can receive more time to correct the error and serve the correct defendant than a plaintiff who initially names the correct defendant or names an unknown "John Doe" as the defendant. Under the majority's construction it could be years after the initial filing before the correct defendant is properly named. Indeed in the present case, the plaintiff did not serve the correct defendant until more than seventeen months after the initial filing of the complaint.

I believe there is another way to read Civ.R.15(C) in pari materia with Civ.R. 3(A) without solving one legal inequity by creating another.  I agree with the majority's interpretation of Civ.R. 3(A) that "commencement of a civil action" means the complaint must be filed within the period of the statute of limitations and service obtained within one year of the filing.  I also agree that reading Civ.R. 15(C) in pari materia with Civ.R. 3(A) means that the language contained in Civ.R. 15(C) "within the period provided by law for commencing the action" includes the one year for obtaining service.  However, I would construe the additional language in Civ.R. 15(C) -- "has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits" -- to mean that within the one year after the initial filing an amended pleading must be filed and served on the unnamed defendant.  I recognize that a motion for leave to file an amended pleading may have to be filed with the amended pleading.  The trial court may not rule on the motion until after the one year has passed.  That is why I would require service of the amended pleading on the incorrectly named defendant within the one year.  When the trial court rules on

the motion, even if after the one-year period, the amended pleading properly can be related back to the original pleading because the incorrectly named defendant will have received notice within the one year.  I realize that Civ.R. 15(C) uses the word "notice" rather that "service."  I think this is the proper choice of words because the use of the word "notice" avoids the technical problem of whether the pleading is considered to have been actually "served" until the trial court grants the motion to amend.  This avoids any problem of a plaintiff being unable to obtain a ruling from the trial court on the motion for leave to amend prior to the expiration of the one-year period.

This construction resolves the legal inequity recognized by the trial court, the court of appeals and the majority between filings with correctly named and "John Doe" defendants, who may be served up to one year after the initial filing, and filings in which the proper defendant is incorrectly named. The same amount of time would be permitted to obtain service on the proper defendant: one year after filing of the original pleading.  Just as with a John Doe filing, a diligent attorney should be able to discern, within one year of the filing of the complaint, whether the proper defendant has been named.

In the present case, the plaintiff filed the original complaint on September 5, 1989.  The plaintiff had until September 5, 1990 to correctly name James L. Cottrill as the defendant, but did not serve James L. Cottrill until February 27, 1991.6  Therefore, I would find that the plaintiff did not timely correct the error and the amended complaint did not relate back under Civ.R. 15(C).  I believe that the majority, in interpreting Civ.R. 15(C) in a way which allows the Cecils' complaint against James L. Cottrill to be timely, is reacting to a perceived injustice in this case and correcting it.7 However, the Rules of Civil Procedure should not be interpreted to deal with the "bad facts" of a particular case.

For the above reasons I dissent.

FOOTNOTE:
6  It appears from the record that the error may have been discovered within the one-year period.  Apparently, the Cecils changed counsel three times during the pendency of this action.  It is unclear whether this contributed to the delay in filing the amended complaint correctly naming James L. Cottrill as the defendant.

7  I agree it would be unfortunate if this case were terminated on a pleading error rather than on its merits.  I believe there is another argument available to the Cecils and that is that James L. Cottrill waived the statute of limitations as an affirmative defense based on the discussions between the Cecils' counsel and Cottrill' s insurance agent concerning the granting of an extension to file Cottrill's answer.