OPINION
On September 30, 1998, Appellant Rebecca R. McInerney was involved in an automobile accident.
On September 27, 2000, Appellant filed a complaint in Licking County Common Pleas Court naming Bonnie J. Harvey as the sole defendant.
Bonnie J. Harvey was the owner of the vehicle involved in said accident.
On November 28, 2000, appellant filed an amended complaint adding Deana Reinbold, who was the driver of Ms. Harvey's automobile on the date of accident, as a party defendant in this matter. Bonnie Harvey was retained as a defendant in this amended complaint, with the claim against her changing to negligent entrustment.
On December 7, 2000, Appellee filed an Answer which included the defense of statute of limitations.
On January 9, 2001, Appellee filed a motion to dismiss/motion for summary judgment.
On February 9, 2001, the trial court granted Appellee's motion.
It is from this decision that Appellant Deana Reinbold appeals, assigning the following error:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY FINDING THAT APPELLANT'S AMENDED COMPLAINT DID NOT RELATE BACK TO THE FILING OF THE ORIGINAL COMPLAINT, AND THAT THE AMENDED COMPLAINT WAS TIME-BARRED BY THE STATUTE OF LIMITATIONS. (JUDGMENT ENTRY, FEBRUARY 9, 2001).
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280. It is based upon this standard that we review Appellant's sole assignment of error.
 I.
Appellant claims that the trial court erred in granting Appellee's motion to dismiss/motion for summary judgment holding that Appellant's Amended Complaint did not relate back under Civ. R.15. We disagree.
Civil Rule 15 may be employed to substitute a party named in the amended pleading for a party named in the original pleading to permit the amended pleading to relate back to the date of the original pleading, provided the requirements of the rule are otherwise satisfied. Cecil v.Cottrill (1993), 67 Ohio St.3d 367.
 CIV R 15 AMENDED AND SUPPLEMENTAL PLEADINGS
(C) Relation back of amendments
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
The plain language of the rule relates to the substitution of a proper party for one previously misidentified in the original complaint. SeeCottrill, supra. The concluding clause of Civ.R. 15(C) provides further support for this view inasmuch as it refers to a mistake regarding the identity of the proper party in the original pleading.
However, the rule may not be employed to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading. Kraly v. Vannewkirk (1994)69 Ohio St.3d 627.
The effect of the amended complaint herein was not to substitute a proper party for one previously named in the original complaint but to add appellee while retaining a proper party (i.e., the owner, Bonnie J. Harvey) to the action.
We therefore find that the trial court did not err in holding that the Appellant could not employ the relation-back argument when adding a new party and dismissing the action as time barred by the statute of limitations. (Judgment Entry, February 9, 2001).
We therefore finds Appellant's assignment of error not well-taken and hereby overrule same.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to Appellant.
BOGGINS, J., GWIN, P.J. and FARMER, J. concur.