OPINION
Plaintiff-appellant, Mary Cross ("appellant"), appeals from the denial of her motion to amend her complaint pursuant to Civ.R. 15(C) by the Trumbull County Court of Common Pleas.
On November 5, 1997, appellant stepped on broken cement and fell through a defective porch railing. Appellant sustained serious injuries as a result. On November 4, 1999, appellant filed a complaint for premises liability against defendant-appellee, Rose Biviano ("Biviano"), alleging Biviano owned the property in Trumbull County where the fall occurred. Biviano filed a motion for a definite statement pursuant to Civ.R. 12(E). Biviano pointed out that appellant did not identify the address of the premises allegedly owned by Biviano, preventing her from responding to the complaint. Biviano also stated that the complaint did not identify appellant's status or who appellant was visiting. Biviano asked for a more definite statement or, in the alternative, that the trial court strike the complaint and dismiss the cause of action. Biviano stated she did not lease any premises to appellant or anyone appellant could have been visiting.
Appellant did not respond to Biviano's motion but instead filed a Civ.R. 15 motion to amend her complaint. Appellant asked to amend in order to name Wilmarda Land Company as the defendant. Appellant claimed she had learned through discovery that Wilmarda Land Company, and not Biviano, was the proper party defendant. On May 3, 2000, the trial court substituted Wilmarda Land Company as the named defendant for Biviano.
On May 15, 2000, Biviano filed a motion to dismiss the action. Biviano asked the trial court to overrule appellant's motion to amend, arguing Civ.R. 15(C) does not provide for the relation back of an amendment when the plaintiff is adding a party. Biviano claimed Civ.R. 15(C) did not apply when the statute of limitations had run against the proper party. Biviano argued that the statute of limitations for any claim against Wilmarda Land Company expired on November 5, 1999. Biviano asserted that the claim against Wilmarda Land Company did not comply with Civ.R. 15(C) because that rule requires commencement of the action within the time period provided by law.
Appellant's counsel countered in her brief by contending Civ.R. 15(C) provides for the relation back of an amendment when a party is being added or substituted, even when the statute of limitations has expired. In her brief, appellant stated she had good reason to believe Biviano owned the property because the person she was visiting paid rent to Biviano. Further, the address of the premises is not a valid street address used by the Trumbull County Recorder. The brief stated appellant learned during discovery that the land may be titled to the Wilmarda Land Company. Appellant contended Biviano was the de facto agent of the Wilmarda Land Company because she collects rents from the tenants and her sons are listed as contact persons with the Secretary of State for Ohio. Appellant maintained that, due to Biviano's close contact with Wilmarda Land Company, the substitution would not result in any prejudice to the new defendant. Further, the Wilmarda Land Company should have known that, but for the mistake in the identity of the proper party, the action would have been brought against it. Appellant's counsel attached no evidence to support the facts set forth in the brief. Appellant did not object to or question Biviano's standing to advance arguments regarding the issue of whether the Wilmarda Land Company should be substituted as the defendant in the action.
In her reply brief, Biviano stated she did not receive service of the complaint until November 17, 1999, or after the statute of limitations expired. Therefore, even if the Wilmarda Land Company had notice on that date, it still was too late for the purposes of Civ.R. 15(C).
On September 8, 2000, the trial court denied appellant's motion to amend and dismissed the complaint. The trial court found that service was perfected on Biviano after the statute of limitations had run. The trial court determined that Civ.R. 15(C) does not allow relation back as to new parties who were unaware of the action prior to the statute of limitations running.
Appellant has raised one assignment of error for this court's consideration:
 "The trial court erred when it granted defendant-appellee's motion to dismiss and found that Civil Rule 15(C) did not allow amendment of the complaint to substitute the named defendant to relate back to the original filing date of the complaint pursuant to Civil Rule 15(C) when the original complaint was filed within the applicable statute of limitations but the improper party defendant did not receive service of process until after the statute of limitations had expired."
 Before discussing appellant's specific issues, we must address the unusual procedural posture of this case. While appellant did not object to Biviano's standing to move or advance arguments in behalf of Wilmarda Land Company or raise this standing issue on appeal, this court cannot ignore the issue of standing (or lack thereof) in this case. The trial court should not have considered, let alone granted, non-party Biviano's motion to dismiss. Biviano had no standing to advance Wilmarda Land Company's motion, rights, or arguments. Allowing a non-party (Biviano had been dismissed as a party) to raise defenses by motion for a party who had not yet been served (Wilmarda Land Company) is plain error. See Voltz v. Manor Care Nursing Home (Mar. 31, 1999), Lake App. No. 98-L- 103, 1999 Ohio App. LEXIS 1435.
As to appellant's sole assignment of error, appellant contends the trial court abused its discretion by dismissing her complaint. Appellant asserts the trial court incorrectly assumed that Wilmarda Land Company did not have notice of the institution of the action prior to the expiration of the statute of limitations when, in fact, there was no evidence in the record pertaining to this issue. Appellant argues the trial court was required to base its ruling on facts presented to it by Wilmarda Land Company, and not Biviano, regarding when Wilmarda first learned of the commencement of the suit. Appellant maintains that Civ.R. 15(C) does not require that the substituted party receive notice of the filing of the lawsuit prior to the expiration of the statute of limitations.
The trial court's decision regarding a motion to amend a complaint is reviewed under an abuse of discretion standard. Patterson v. V M AutoBody (1992), 63 Ohio St.3d 573. An abuse of discretion connotes more than an error of law or judgment; rather it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co. (1991),60 Ohio St.3d 120, 122.
Civ.R. 15(C) governs the substitution of a proper party for one previously misidentified in the original complaint. Kraly v. Vannewkirk
(1994), 69 Ohio St.3d 627. Civ.R. 15(C) provides, in pertinent part:
 "Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."
 Civ.R. 15(C) sets forth three requirements which must be met before an amendment relates back to the original pleading. First, the amended complaint must arise from the same events supporting the original complaint. Second, the party sought to be substituted by the amendment must receive notice of the action within the period provided by law so that the party is able to maintain a defense. Third, the new party, within the period provided by law for commencing the action, must have or should have known that, but for a mistake concerning the proper party's identity, the action would have been brought against the new party. Cecil v. Cottrill (1993), 67 Ohio St.3d 367.
Appellant is seeking to substitute the new defendant based upon the same facts as in the original complaint. Therefore, she has met the first requirement. In deciding whether appellant's motion to amend complied with the second and third requirements, it must be determined what the phrase "within the period provided by law for commencing the action" means. In Cecil, supra, the court stated that Civ.R. 15(C) must be readin pari materia with Civ.R. 3(A).
Civ.R. 3(A) provides:
 "* * * A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Rule 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D)."
 In applying both Civ.R. 3(A) and Civ.R. 15(C), a plaintiff may, within one year of the filing of a complaint, amend the complaint to name the correct defendant. The amended complaint must be served upon the correct defendant within one year of the filing of the complaint. The time period provided for by law includes the one year allowed for service in Civ.R. 3(A). See Walker v. Leis (Apr. 19, 1995), Hamilton App. No. C-940258, unreported, 1995 Ohio App. LEXIS 1592. As stated in Cecil, supra, at 370:
 "If we were to accept the conclusion reached by the court of appeals, we would create an anomalous situation in that an accurately named defendant may be served up to one year after the limitations period has expired but a misnamed defendant must receive notice prior to the running of the statute of limitations period."
 An amended complaint will relate back to the filing of the original complaint even if the plaintiff perfects service of the original complaint after the statute of limitations has expired. Megginson v. Song (Dec. 15, 1995), Scioto App. No. 95 CA 2337, unreported, 1995 Ohio App. LEXIS 5680. The substituted party receives timely notice of the suit if served prior to the expiration of the one year provided for in Civ.R. 3(A). Id. Appellant filed her motion to amend well within one year of the filing of the complaint. She complied with the second requirement set forth in Cecil. The trial court's erroneous denial of her motion to amend precluded the completion of the sevice of the amended complaint on the correct defendant.
Lastly, appellant had to show that Wilmarda Land Company, within the period provided by law, knew or should have known that, but for the mistake concerning the owner of the property, the complaint would have been filed against it. A mistake includes incorrectly identifying a party. Sims v. Agosta (Jan. 29, 1996), Fairfield App. No. 95-CA-0019, unreported, 1996 Ohio App. LEXIS 697.
Again, had the trial court allowed appellant the opportunity to amend the complaint, as moved by appellant, Wilmarda Land Company would have known that but for the mistake concerning property ownership, the complaint would have been filed against it, because the amended complaint would have been filed against Willmarda Land Company, within the period provided by law.
The dissent maintains that the operative time for satisfying the third requirement of Civ.R. 15(C) that the substituted party must know or should have known that the lawsuit would have been brought against it but for a misnamed original party is "at the time the original complaint was filed and served." This position conflicts with the express ruling by the Supreme Court of Ohio in Cecil. The Supreme Court of Ohio, inCecil, stated that this third requirement must be satisfied "within the same period as provided in the second requirement." Cecil, supra,67 Ohio St.3d at 370. As discussed above, that "same period" is within one year after the filing of a complaint, provided that complaint is filed within the applicable statute of limitations.
This case is similar to Cecil.[1] In Cecil, as in this case, the trial court ruled that Civ.R. 15(C) does not allow relation back as to new parties who were unaware of the action prior to the statute of limitations running. The Supreme Court of Ohio in Cecil held that Civ.R. 15(C) must be read in pari materia with Civ.R. 3(A) and Civ.R. 15(A). We agree. Based on Cecil, the lower court's ruling is incorrect. The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. Peterson v. Teodosio
(1973), 34 Ohio St.2d 161, 175. Decisions on the merits should not be avoided on the basis of mere technicalities. Conley v. Gibson (1957),355 U.S. 41, 48.
For these reasons, we believe that the second and third requirements of Civ.R. 15(C) have been met. This case warrants application of the general recommendation in Civ.R. 15(A) that "leave of court [to amend] shall be freely given when justice so requires."
Accordingly, appellant's assignment of error is sustained. The dismissal ruling of the trial court is reversed and this matter is remanded with instructions that Wilmarda Land Company remain as the defendant herein and that appellant serve a copy of the amended complaint on Wilmarda Land Company within thirty days from the date of this decision.
JUDGE DIANE V. GRENDELL, O'NEILL, P.J., concurs, CHRISTLEY, J., dissents with Dissenting Opinion.
[1] The dissent opines that Cecil does not support the majority's conclusion in this case. Cecil expands the time frame for relating back to include the one year service period provided by Civ.R. 3(A). This one-year extension applies to the second and third prongs of the Cecil
analysis. Cecil is relevant because it recognizes that extra time period for service upon Wilmarda Land Company, which service could have and most likely would have occurred during that period had the trial court not denied appellant's motion to amend to bring Wilmarda Land Company into this case.