For the reasons that follow, I respectfully dissent from the majority's decision that it was error for the trial court to dismiss appellant's complaint.
As a preliminary matter, I would also like to comment on the fact that appellee lacked standing to move for the dismissal of the Wilmarda Land Company. The record shows that appellant filed her motion to amend the complaint to add the Wilmarda Land Company in place of appellee. Presumably, the stated basis for this motion was that the Wilmarda Land Company was the actual owner of the property. The trial court, in a judgment entry dated May 3, 2000, granted appellant's motion and presumably in doing so, dismissed appellee from the suit. Nevertheless, appellee was somehow allowed to reenter the litigation by filing a motion to dismiss.
In this motion, appellee essentially presented arguments that should have been proffered by a representative of the Wilmarda Land Company. For instance, appellee argued that the statute of limitations for any claim against the Wilmarda Land Company had expired, and that the company should not be brought in as a substitute party because the requirements of Civ.R. 15(C) had not been satisfied.
It is axiomatic that the doctrine of standing requires a litigant to present claims and arguments concerning the violation of his or her own rights and not those of a third party. SkyFinancial Group, Inc. v. Mogul (June 1, 2001), Trumbull App. No. 2000-T-0038, unreported, 2001 Ohio App. LEXIS 2480, at 8-9, citingWarth v. Seldin (1975), 422 U.S. 490, 499. In her brief to this court, appellee acknowledged that "there was no relationship
between [herself] and the Wilmarda Land Company ***." (Emphasis added.) As such, there was absolutely no reason for appellee to be asserting the rights of the Wilmarda Land Company in her motion to dismiss.
Procedurally, we then have the fascinating situation where an added party, who has never been served and never had counsel designated, being defended by a dismissed party. It gets better when no one objects to this bizarre representation, and appellant fails to raise or argue this issue on appeal. Of course, the Wilmarda Land Company is not going to object at any point. As a result, while the trial court should not have considered this motion to dismiss, plain error did not result as the majority suggests.
Plain error results from a void judgment, as opposed to a voidable judgment. "[A] judgment that is tainted with an error of law, making it valid although subject to reversal on appeal, would be voidable." Old Meadow Harm Co. v. Petrowski (Mar. 2, 2001), Geauga App. No. 2000-G-2265, unreported, 2001 WL 209066, at 2, fn. 2. In contrast, a judgment is void when it has no legal effect. "For example, `a judgment based on a proceeding in which the court lacked jurisdiction over the person *** or jurisdiction over the subject matter of the action[,]' would be void." Id.
In the instant matter, the trial court should not have considered appellee's motion to dismiss because she had no standing to advance such arguments. This, however, did not render the court's ultimate judgment void. Rather, the trial court's judgment is voidable as it dismissed appellant's case for the wrong reasons.[1]
As to the merits of the proposed amendment by appellant, she certainly had standing to attempt to amend her complaint by adding the Wilmarda Land Company as the named defendant. However, for the following reasons, I believe that the trial court, in effect, properly denied appellant's motion to amend the complaint.
There are generally two instances contemplated when a complaint can be amended to change a party. The first is when a totally new defendant is being added or joined. Civ.R. 20 and 21. Under those circumstances, a new defendant may be able to assert a statute of limitations defense if there is no provision for a relation back to the original filing of the complaint when a new defendant is added or joined. Picciuto v. Lucas Cty. Bd. ofCommsrs. (1990), 69 Ohio App.3d 789.
The second instance is when the correct defendant is known but is wrongly named or wrongly served with the original complaint. The process now becomes one of substitution, not addition. The substitution is the mere renaming or serving of the same defendant but by the correct designation. In general, Civ.R. 15(C) applies to the substitution of a proper party for one previously misidentified in the original complaint. Kraly v.Vannewkirk (1994), 69 Ohio St.3d 627, paragraph one of the syllabus. It is only this latter situation which, under Civ.R. 15(C), is allowed to relate back to the original complaint. Further, it is the obligation of the party seeking the amendment under Civ.R. 15(C) to demonstrate to the court that the situation is the latter and not the former. Mere allegations will not suffice.
In Cecil v. Cottrill (1993), 67 Ohio St.3d 367, 370, the Supreme Court of Ohio reaffirmed the three requirements that must be met under Civ.R. 15(C) before an amended complaint with a substituted defendant can relate back to the original complaint:
 "First, the amended complaint must arise from the same events which support the original complaint. Second, the party `brought in' by the amendment must receive, `within the period provided by law for commencing the action,' such notice of the action that the party is able to maintain a defense. Third, within the same period as provided in the second requirement, the new party must have or should have known that but for a mistake concerning the proper party's identity, the action would have been brought against the new party." (Emphasis added.)
 The critical holding in Cecil was that the time frame for the relation back of a party could be expanded by Civ.R. 3(A)'s one year allowance for service:
 "The language, `within the period provided by law for commencing the action,' as used in Civ.R. 15(C), includes the time for service allowed by Civ.R. 3(A)." Cecil at syllabus.
 Thus, the instant trial court was incorrect in its reasoning when it determined that the Wilmarda Land Company was untimely named because the statute of limitations had run. Appellant could have filed during that extra year now allowed per Cecil. However, the court's error is nonprejudicial because even if the filing had been allowed to take place, Wilmarda Land Company was never qualified as a proper substitute for appellee in the first place under Civ.R. 15(C). Regardless, the end result is the same in that the Wilmarda Land Company is not a defendant anymore.
It is the above point on which I disagree with the majority; to-wit: was the third element of Civ.R. 15(C) satisfied? In the instant matter, the original complaint improperly named and served appellee instead of the Wilmarda Land Company. To cure this defect, appellant filed a motion to amend her complaint after the statute of limitations had run, but before the one year for service under Civ.R. 3(A) had expired. Pursuant to Cecil, appellant could do so if her claim was one of substitution and not joinder or addition. Unfortunately, her sole claim was that the Wilmarda Land Company was the real owner, not appellee. There was no allegation in her motion that appellee and the Wilmarda Land Company were one and the same, or that an agency relationship existed. Hence, it was clear that her original intent was to add or join a new defendant, not to substitute for an old defendant. As a result, the motion to amend was initially a motion to add or join a new party defendant; therefore, per Civ.R. 15(C), it could not relate back. It was not until appellee filed her motion to dismiss that appellant responded by claiming that she was substituting and not adding a party defendant.
Further, even if this had been a proper motion to substitute, in order to relate back, appellant still had to satisfy all three requirements of Civ.R. 15(C). Insofar as the first and second requirements of Civ.R. 15(C) are concerned, I concur with the majority that these elements have been met pursuant to Cecil. However, as previously indicated appellant failed to satisfy the third requirement. No evidence was ever provided to demonstrate that the Wilmarda Land Company knew or should have known, at the time the original complaint was filed, that the lawsuit would have been brought against it, but for the misnaming of appellee as the defendant. Here is the heart of this dissent.
In its analysis, I believe the majority misconstrues the third requirement of Civ.R. 15(C). The majority seems to suggest that had the trial court permitted appellant to amend her complaint, then the Wilmarda Land Company would have known that, but for the mistake, the complaint would have been filed against it because it would now be aware of the amended complaint. Their point being, I believe, that the Wilmarda Land Company would have been brought into the lawsuit within the one year of service now allowed under Cecil.
The issue, however, is not whether the Wilmarda Land Company would know about the suit as a result of a newly filed amended complaint within the newly allotted time. The issue is that I believe Cecil can only be interpreted the following way: the third condition of Civ.R. 15(C) requires appellant to show that at thetime the original complaint was filed, the Wilmarda Land Company knew or should have known that the lawsuit would have been filed against it but for the misnaming of appellee as the defendant. As to this point, the Supreme Court of Ohio acknowledged that during the time in which the original complaint could have been filed, the plaintiff's attorney sent a letter to the substituted party defendant in an effort to settle the matter and avoid litigation. Hence, the substituted party defendant had knowledge of the lawsuit. Cecil at 371-372.
Cecil simply allows one extra year for the motion to amend to be made. It does not extend the statute of limitations. Instead, appellant had to demonstrate the date and degree of knowledge of the party sought to be substituted. Specifically, at the time the complaint was filed, did Wilmarda Land Company know of the lawsuit?
As previously indicated, there was absolutely no evidence
attached to appellant's motion to amend or in the record to show that at the time the original complaint was filed, the Wilmarda Land Company knew or should have known that the lawsuit had mistakenly named appellee instead of the company.
Further, appellant's motion to amend alleged no relationship from which such knowledge could be imputed between the Wilmarda Land Company and appellee. It was not until her response to appellee's motion to dismiss that appellant first claimed appellee was a de facto agent if not the actual owner or part-owner of the Wilmarda Land Company. Even then, she included no evidential submissions.
As the party seeking to amend her complaint, appellant had the burden to demonstrate that a relationship existed between appellee and the Wilmarda Land Company, and that at the time the complaint was filed, Wilmarda Land Company knew of the suit. Consequently, appellant failed to demonstrate that the third requirement of Civ.R. 15(C) was met. See, e.g., Kosa v.Pruchinsky (1992), 82 Ohio App.3d 649, 653-654 (holding that knowledge of a lawsuit could not be imputed to a corporation based on service of the complaint on the defendant when there is no evidence to indicate that the defendant was served as an agent of the corporation). See, generally, Kocis v. Chorba (Mar. 31, 1999), Ottawa App. No. OT-98-033, unreported, 1999 WL 173638, at 2; Christian Medicine v. Sobotka (Jan. 10, 1996), Lorain App. No. 95CA006101, unreported, 1996 WL 12004, at 3 (holding that it is proper for a trial court to deny a motion to amend a complaint when the record is devoid of any evidence showing compliance with Civ.R. 15(C)).
Finally, I want to reiterate my disagreement with the majority's claim that Cecil stands for the conclusion that the statute of limitations is extended by one year. Instead, Cecil
merely stands for the proposition that the time frame for a substituted party to relate back has been expanded to include the one year time for service allowed under Civ.R. 3(A). Cecil at syllabus. In other words, Cecil simply allows an additional year in which to file an amended complaint. It does not impact the requirement that the substituted party must have or should have known of the lawsuit at the time the complaint was filed. As a result, I believe that Cecil is actually irrelevant except as it pertains to the additional one year service allowance per Civ.R. 3(A).
Therefore, I respectfully dissent. Albeit for the wrong reasons, the trial court correctly denied appellant's motion to amend the complaint and correctly dismissed the action in its entirety.
[1] I note that if no other valid reason existed for dismissing Wilmarda Land Company, this would have been a void judgment as it pertained to the company.