OPINION
{¶ 1} This is an appeal from a summary judgment ruling in favor of Appellees Timothy Featheringill and Shawntina Cooper. Appellant is Dreama Coleman.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 17, 1998, Appellant Dreama Coleman was in the parking lot at Hi-Stat Manufacturing, waiting to be picked up and driven home after work, when the automobile
 {¶ 3} owned by Timothy Featheringill was started, went backwards and pinned Appellant's leg between the bumper of the car and the picnic table upon which she was leaning, driving the table against the wall of the building. As a result of such accident, Appellant suffered injuries to her left foot and ankle.
 {¶ 4} On October 16, 2000, Appellant filed a Complaint against Appellee Timothy Featheringill, Progressive Insurance Company and John Does 1 through 5.
 {¶ 5} On May 17, 2001, Appellee Featheringill moved for summary judgment, alleging that he had not been the driver of the automobile which struck Appellant. Said motion was supported by an investigation summary indicating that the driver had been Shawntina Cooper.
 {¶ 6} On May 30, 2001, Appellant filed an amended complaint, substituting Shawntina Cooper for one of the original named John Doe defendants.
 {¶ 7} Appellees Featheringill and Cooper moved for summary judgment based on the running of the statute of limitations.
 {¶ 8} On October 22, 2001, the trial court granted Appellees' Motion for Summary Judgment.
 {¶ 9} It is from this decision which Appellant files the instant appeal, assigning the following error:
ASSIGNMENT OF ERROR
 {¶ 10} "THE TRIAL COURT ERRED IN FINDING THAT THE FILING OF AN AMENDED COMPLAINT NAMING SHAWNTINA COOPER AS A DEFENDANT DID NOT RELATE BACK TO THE FILING OF THE ORIGINAL COMPLAINT SO THAT THE AMENDED COMPLAINT WAS TIMELY UNDER THE STATUTE OF LIMITATIONS."
 SUMMARY JUDGMENT STANDARD OF REVIEW {¶ 11} Appellant claims the trial court erred in denying its motion for summary judgment. Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996),75 Ohio St.3d 447, 448:
 {¶ 12} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327."
 {¶ 13} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 14} I.
 {¶ 15} Appellant claims that the trial court erred in granting Appellee's motion for summary judgment holding that Appellant's Amended Complaint did not relate back under Civ.R.15. We disagree.
 {¶ 16} Civil Rule 15 may be employed to substitute a party named in the amended pleading for a party named in the original pleading to permit the amended pleading to relate back to the date of the original pleading, provided the requirements of the rule are otherwise satisfied.Cecil v. Cottrill (1993), 67 Ohio St.3d 367.
 {¶ 17} In Cecil, The Supreme Court explained that Civ.R. 15(C) sets forth three requirements that must be met before an amendment relates back to the original pleading. First, the original complaint must arise from the same events which support the original complaint. Second, the party `brought in' by the amendment must receive, `within the period provided by law for commencing the action, such notice of the action that the party is able to maintain a defense'. Third, within the same period as provided in the second requirement, the new party must have or should have known that but for a mistake concerning the proper parties identity, the action would have been brought against the new party. Id at 370. The plain language of the rule relates to the substitution of a proper party for one previously misidentified in the original complaint.See Cecil, supra. The concluding clause of Civ.R. 15(C) provides further support for this view inasmuch as it refers to a mistake regarding the identity of the proper party in the original pleading.
 {¶ 18} The rule may not be employed to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading. Kraly v. Vannewkirk (1994)69 Ohio St.3d 627.
 {¶ 19} In applying the three conditions set forth in Civ.R. 15(C) to the case at bar to determine whether the amended complaint relates back to the original complaint, we find that, regarding the first condition, the pleading relates to the same conduct, transaction, or occurrence, it is obvious the amended complaint arises out of the same occurrence alleged in the original complaint.
 {¶ 20} However, with regard the second and third conditions, we find that Appellant cannot establish same.
 {¶ 21} The accident in the case sub judice occurred on 10-17-98.
 {¶ 22} Appellant's initial complaint was not filed until 10-16-00.
 {¶ 23} Appellant did not file the amended complaint naming Appellee Cooper as a defendant until 5-30-01.
 {¶ 24} It is clear that Appellant knew that Appellee Cooper was the operator the automobile as evidenced by her signature affirming the written summary of the facts prepared by Juan Barndollar from Hi-Stat's human resources department on 10-27-98.
 {¶ 25} This is a not a case of mistaken identity or misnomer.
 {¶ 26} The effect of the amended complaint herein was not to substitute a proper party for one previously named in the original complaint but to add appellee while retaining a proper party (i.e., the owner, Timothy Featheringill) to the action.
 {¶ 27} We therefore find that the trial court did not err in holding that the Appellant could not employ the relation-back argument when adding a new party and dismissing the action as time barred by the statute of limitations.
 {¶ 28} We therefore find Appellant's assignment of error not well-taken and hereby overrule same.
 {¶ 29} Based on the foregoing, the judgment of the Richland County Court of Common Pleas is affirmed.
By Boggins, J., Wise, J., concurs.
Farmer, P.J., concurs separately.
Topic: Crim R 15, relation back original complaint.