JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs, Lynne Baeslach and Leona Heinzerling,[1] appeal the trial court's dismissal of this case. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} On December 15, 2000, Wilma Dancy ("Dancy") drove an automobile that struck plaintiffs. On December 11, 2002, plaintiffs filed suit against Dancy, originally the only named defendant. On March 20, 2003, seven days after obtaining service on Dancy, plaintiffs amended their complaint pursuant to Civ.R. 15(A).
 {¶ 3} In the amended complaint, plaintiffs removed Dancy as a defendant and named a new party defendant, Dorothy Lippitt. Lippitt was driving the third vehicle involved in the December 2000 accident. Her car struck Dancy's automobile, which then struck the vehicle in which plaintiffs were riding.
 {¶ 4} Lippitt filed a motion to dismiss plaintiffs' amended complaint, because it had been filed outside the two-year period of limitations.[2] The trial court granted Lippitt's motion to dismiss. In this timely appeal, plaintiffs present one assignment of error for review:
 {¶ 5} The trial judge erred, as a matter of law, by dismissing plaintiff-appellants' complaint under civ.r. 12(b)(6) for purportedly violating the statute of limitations.
 {¶ 6} Plaintiffs argue the trial court erred in dismissing their amended complaint, because Civ.R. 15(C), read in pari materia with Civ.R. 3(A) and 15(A), allows their amended complaint for personal injuries to relate back to the filing date of the original complaint on December 11, 2002. We agree.
 {¶ 7} Civ.R. 15(C) provides in part:
 {¶ 8} Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
 {¶ 9} The rule allows a party named in an amended complaint to be substituted for a party named in the original complaint and permits the amended pleading to relate back to the date of the original pleading. Kraly v. Vannewkirk (1994),69 Ohio St.3d 627, 635 N.E.2d 323, citing Cecil v. Cottrill (1993),67 Ohio St.3d 367, 618 N.E.2d 133; Husarcik v. Levy, (Nov. 10, 1999), Cuyahoga App. No. 75114.
 {¶ 10} The Supreme Court of Ohio summarized the three requirements set forth in Civ.R. 15(C) that must be met before an amendment relates back to an original pleading:
 {¶ 11} First, the amended complaint must arise from the same events which support the original complaint. Second, the party "brought in" by the amendment must receive, "within the period provided by law for commencing the action," such notice of the action that the party is able to maintain a defense. Third, within the same period as provided in the second requirement, the new party must have or should have known that but for a mistake concerning the proper party's identity, the action would have been brought against the new party.
 {¶ 12} Cecil, at 370.
 {¶ 13} In the case at bar, it is undisputed that the events described in the amended complaint arise from the same motor vehicle accident described in plaintiffs' original complaint. The first requirement of Civ.R. 15(C) is thus satisfied.
 {¶ 14} The real question in this case is whether the second and third requirements of Civ.R. 15(C) were met "within the period provided by law for commencing the action." Lippitt argues that under the second requirement of the rule, plaintiffs' amended complaint is barred because it was not filed before the expiration of the two-year limitations period set forth in R.C.2305.10. Because the amended complaint was not timely filed, Lippitt maintains she had no notice she would be sued. Plaintiffs counter by arguing that Civ.R.3(A) allowed them to file their amended complaint after December 15, 2002.
 {¶ 15} Civ.R. 3(A) provides as follows:
 {¶ 16} civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly nameddefendant whose name is later corrected pursuant to Rule 15(C)* * *. (Emphasis added.)
 {¶ 17} Relevant in the case at bar is the second part of the rule, which must be "read in pari materia with Civ.R. 15(C)."Cecil, supra.
 {¶ 18} Civ.R. 3(A) read in pari materia with Civ.R. 15(C) does not require that service be made on a misnamed defendant before the expiration of the applicable statute of limitations. Rather, we find that the language, "within the period provided by law for commencing the action," as used in Civ.R. 15(C), includes the time for service allowed by Civ.R. 3(A).
 {¶ 19} Id., at 371.
 {¶ 20} Under the rule and Cecil, plaintiffs could amend their complaint in order to correctly identify Lippitt after December 15, 2002, "and that amendment, pursuant to Civ.R. 15(C), will relate back to the time of the commencement of the action if the statute of limitations has intervened." Id. Plaintiffs' amended complaint in the case at bar, therefore, relates back to December 11, 2002.
 {¶ 21} The only questions remaining in this case are whether Lippitt had sufficient notice of the institution of an action so that she could maintain a defense and whether she knew or should have known that, but for a mistake concerning her identity, the action would be brought against her. To both questions, we answer in the affirmative.
 {¶ 22} In response to Lippitt's motion to dismiss, plaintiffs filed a brief in opposition. Appended to that brief[3] were several exhibits, including a letter addressed to plaintiffs' attorney from a claim representative of State Auto, Lippitt's insurer. The letter instructs their attorney to direct all future correspondence related to the accident to the claims representative. That letter,[4] which references the accident, is dated January 10, 2001 and includes the following: Lippitt's name, the date of loss, which was "12-15-2000," and plaintiffs' names.
 {¶ 23} Attached to plaintiffs' brief in opposition to Lippitt's motion to dismiss is a Pepper Pike Police Traffic Crash Report.[5] That report, dated "12-15-2000," includes the following description of the motor vehicle accident:
 {¶ 24} Units #1 and #2, northbound on 271, in the right lane slowing for traffic. Unit #3, northbound in the right lane failed to maintain assured clear distance ahead and struck unit #2 from the rear, pushing it into unit #1.
 {¶ 25} The report identifies Lippitt as the driver of unit #3. Plaintiffs are identified as unit #1, and Dancy as unit #2.
 {¶ 26} Exhibit 1 establishes that Lippitt knew on December 15, 2000, that she had been involved in an accident and that she might have to prepare a defense because, at the very least, the report says her car struck unit #2, which was forced into plaintiffs' vehicle. Exhibit 4 shows that Lippitt knew or should have known through her insurance carrier, to whom all correspondence related to the accident was supposed to come, that, but for a mistake concerning her identity, a legal action might be instituted against her. On these facts, we conclude Lippitt was provided adequate notice of plaintiffs' suit.
 {¶ 27} Plaintiffs satisfy all the requirements of Civ.R. 15(C). Accordingly, the trial court erred in dismissing plaintiff's complaint. Plaintiffs' sole assignment of error is sustained and this matter is remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed.
This cause is reversed.
It is, therefore, ordered that appellants recover of appellees their costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Cooney, J., concur.
[1] Ms. Heinzerling died since the filing of this case. Her interests and those of her estate are now represented by Ray Kirchner, Executor of her Estate.
[2] R.C. 2305.10.
[3] Contrary to Civ.R. 12(B)(6), both parties in this case attached materials to their respective briefs on the issue of dismissal and the statute of limitations. Neither party nor the trial court, however, objected or attempted to convert the motion to dismiss to a motion for summary judgment under Civ.R. 56. We do not, therefore, address this procedural irregularity.
[4] Marked in plaintiffs' brief below as "Exhibit 4."
[5] Marked in plaintiffs' brief below as "Exhibit 1."