HARDESTY, ADMX., ET AL., APPELLEES, *v.* CABOTAGE ET AL.; BLANCHARD VALLEY HOSPITAL ASSN., INC., APPELLANT.

[Cite as Hardesty *v.* Cabotage (1982), 1 Ohio St. 3d 114.]

(No. 81-1440—Decided July 28, 1982.)

*Messrs. Hanna & Hanna* and *Mr. Harold A. Hanna,* for appellees.

*Messrs. Oxley, Malone, Fitzgerald & Hollister* and *Mr. Michael J. Malone,* for appellant.

*Per Curiam.* This cause poses the question whether appellees' amended complaint of September 10, 1980, may relate back to the date of the original complaint, March 11, 1980. For the following reasons, we hold that Civ. R. 15(C) would operate to permit relation back of the amended complaint to the date of the original complaint. Thus, appellees have stated a cause of action against appellant hospital for the alleged malpractice of its physician-employees.

As pointed out by the Court of Appeals, "[i]t is clear that the original order dismissing the original complaint is final." Nonetheless, appellees filed a motion to amend the complaint prior to the dismissal of the original complaint. The record reveals that the trial court took no action at all upon the motion to amend. Under such circumstances we agree with the Court of Appeals that "where an order dismissing a complaint is granted and a motion to amend is pending the complainant has, as a matter of course, a leave to amend his complaint," See McCormac, Ohio Civil Rules Practice, 195-196, Section 9.03. Appellees subsequently filed an amended complaint substituting a change in the name of the same intended party.

The question then becomes whether application of the relation back rule would be proper as regards the amended complaint. Civ. R. 15(C) provides, in part: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense of the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Here, the requirements of Civ. R. 15(C) are satisfied. Initially, in the

original complaint, an existing defendant was improperly named and served. The claim asserted in the amended complaint is identical to the original pleading and relates to the same conduct, transactions or occurrences therein set forth. We agree with the Court of Appeals that "[i]t is apparent from the record that summons was served at the actual address of the corporate defendant on March 12, 1980; it was receipted for by 'C. Miller.' This is, it must be inferred, the same 'C. Miller' at the same address who on September 12, 1980 also receipted for the summons issued to the Blanchard Valley Hospital Association c/o William E. Ruse, Statutory Agent. It is an inescapable inference that the corporation received actual notice on the prior date sufficient to eliminate any prejudice in maintaining its defense. So far as the record indicates there is only one hospital operated at that address." It is clear that appellant hospital did receive notice of the action prior to the tolling of the statute of limitations, R.C. 2305.11, on March 19, 1980, and it will not be prejudiced in maintaining a defense on the merits.

Moreover, it is equally clear from the original complaint who the intended defendant was, and if appellant did not infer this from the summons and the complaint, it should have done so.

Such a result comports with the purpose of the Civil Rules. "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 175 [63 O.O. 2d 262, 269]. Decisions on the merits should not be avoided on the basis of mere technicalities; pleading is not " 'a game of skill in which one misstep by counsel may be decisive to the outcome * * * [rather] the purpose of pleading is to facilitate a proper decision on the merits.' *Conley* v. *Gibson,* 355 U.S. 41, 48." *Foman* v. *Davis* (1962), 371 U.S. 178, 181-182.

Accordingly, the judgment of the Court of Appeals is affirmed, and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment affirmed and*
*cause remanded.*

Celebrezze, C.J., W. Brown, Sweeney, Locher, Holmes, C. Brown and Krupansky, JJ., concur.