JACK DAVIS PAINTING CO., INC., APPELLEE, *v*. ELLER ENTERPRISES, INC., APPELLEE; OHIO CASUALTY INSURANCE COMPANY, APPELLANT.

(No. 82AP-403—Decided December 14, 1982.)

*Messrs. Elleman & Newcome, Mr. James R. Elleman* and *Mr. Ron E. Newcome,* for plaintiff-appellee.

*Mr. Robert D. Marotta,* for defendant-appellant and defendant-appellee.

NORRIS, J. In its complaint, filed on February 4, 1981, plaintiff, Jack Davis Painting Co., Inc., asserted a claim for the balance due it as a subcontractor. Named as defendants were the prime contractor, Eller Enterprises, Inc., and "John Doe Surety Company (real name and address unknown)." The complaint alleged that Eller had refused to provide plaintiff with the name and address of the surety company which provided a performance bond to Eller, and that plaintiff would seek to amend its complaint when that information was discovered. Written interrogatories, directed to Eller and seeking that information, were filed the same day.

Eller filed its answer on February 27. On March 30, plaintiff filed a motion to compel discovery, which was sustained by the trial court on August 12, and Eller filed its answers to the interrogatories on August 31, revealing Ohio Casualty as the surety company. According to the acknowledgment form on the answer to the interrogatories, they had been signed on March 30. Plaintiff named Ohio Casualty as a defendant in its amended complaint filed on September 25. On October 23, an answer was filed on behalf of Ohio Casualty by the same attorney who signed Eller's answer. Because Ohio Casualty's bond required that any claims against Ohio Casualty were to be filed within one year after Eller completed its work and the parties stipulated that Eller had completed work in July 1980, and the parties agreed that the only issue to be resolved was whether, under the state of the pleadings, plaintiff could proceed against Ohio Casualty, the case was submitted to the trial court on stipulations of facts and

memoranda of law. The trial court found that plaintiff had complied with the terms of the bond and granted judgment to plaintiff against both defendants.

Ohio Casualty appeals and raises two assignments of error:

"A. The claim set forth in the amended complaint of Jack Davis against Ohio Casualty is barred by the applicable period of limitations contained in the underlying labor and material payment bond.

"B. The terms 'performance bond' and 'labor and material payment bond' are distinct, are not synonymous when examined in light of the facts, circumstances, and intentions of the parties, and are free of ambiguity and uncertainty."

The assignments of error will be considered together. One question presented by this appeal is whether, under the circumstances of this case, plaintiff may avail itself of the provisions of Civ. R. 15(C) to permit the claim stated by its amended complaint against Ohio Casualty to relate back to the date its original complaint was filed, in order to satisfy the limitation period found in the surety bond. Civ. R. 15 reads, in pertinent part, as follows:

"(A) Amendment. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *

"* * *

"(C) Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

"* * *

"(D) Amendments where name of party unknown. When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words 'name unknown,' and a copy thereof must be served personally upon the defendant."

Civ. R. 15(C) is designed to permit an amendment changing the party against whom a claim is asserted in the event of an inadvertent misnomer or other mistake in the designation of the party. McCormac, Ohio Civil Rules Practice (1970), Section 9.06; see, e.g., Hardesty v. Cabotage (1982), 1 Ohio St. 3d 114.

Civ. R. 3(A) provides that an action is commenced by the filing of a complaint if service is obtained within one year. Here, the complaint designated the unknown surety company as "John Doe Surety Company (real name and address unknown)," alleged that plaintiff had been unable to discover the name of the surety, and described and identified the John Doe Surety Company as the one which had written the performance bond on a specific project, in an apparent at-

tempt to comply with Civ. R. 15(D). However, the fact that no summons was issued for the John Doe Surety Company, containing the words "name unknown," illustrates the inapplicability of Civ. R. 15(D) to the circumstances of this case — that rule contemplates circumstances where the defendant can be found and given summons, but his name is unknown. Here, summons could not be directed to Ohio Casualty at the time the complaint was filed. It might be argued that the action was commenced within the contemplation of Civ. R. 3(A) in view of defendant's having discovered the identity of the surety company and having served Ohio Casualty within one year after the filing of the complaint. This argument, which would necessarily require a conclusion that the John Doe designation was sufficient under Civ. R. 3(A), was not raised below, and need not be addressed here, in view of our conclusion that the trial court properly found that the circumstances of this case fell within the purview of Civ. R. 15(C).

The trial court properly concluded that the mere fact that the original complaint referred to the bonding company's undertaking as a "performance bond," when, in fact, the actual bond was denominated a "labor and material payment bond," will not by itself defeat an amendment to the pleadings which relates back to the filing of the original complaint. Calling the bond a labor and material bond in the amended complaint does not change the fact that the claim asserted in the amended complaint arose out of the conduct or transaction set forth in the original complaint. Ohio Casualty did not argue below that the provisions of Civ. R. 15(C)(1) and (2) had not been satisfied — we assume on the basis that it was aware the claim was being asserted against Eller and would also have been brought against it, had not Eller's conduct forced plaintiff to mistakenly designate it as "John Doe Surety Company."

Under such a set of circumstances, the trial court also would have been warranted in finding that Ohio Casualty was estopped from asserting the contractual limitation period found in its bond, or in preventing assertion of the limitation as a sanction for Eller's failure to answer the interrogatories in a timely fashion. See Civ. R. 37(D).

Accordingly, we conclude that plaintiff complied with the requirements of Civ. R. 3(A) and 15(C), that the trial court properly allowed the amendment of the complaint to designate Ohio Casualty as a defendant, and that, because the action was commenced against Ohio Casualty on February 4, 1981, the trial court could properly render judgment against that defendant. The assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.