OPINION
{¶ 1} Plaintiffs-appellants Kathleen Reighard, et al. appeal the decision of the Mahoning County Common Pleas Court which granted summary judgment in favor of defendants-appellees Ohio Edison Company. The issue raised on appeal is whether the court properly denied appellants' motion for leave to amend the complaint where appellants sought to change the defendant from Ohio Edison Company f.k.a. Cleveland Electric Illuminating Company to Cleveland Electric Illuminating Company. We conclude that the decision to deny leave to amend was an abuse of discretion. Thus, the judgment of the trial court is reversed, and this case is remanded with instructions to permit appellants to amend the complaint to dismiss Ohio Edison Company as a defendant and to name Cleveland Electric Illuminating Company as the sole defendant.
 STATEMENT OF THE CASE {¶ 2} On February 11, 2000, Kathleen Reighard received an electric shock when she touched the faucet in her shower. The shock was apparently the result of an open neutral in the electric wires leading to her property in Ashtabula County, Ohio. It was later discovered that these lines were maintained by Cleveland Electric Illuminating Company. Kathleen states she suffered paralysis of her right hand, elbow and arm as a result of the shock.
 {¶ 3} On January 18, 2002, Kathleen and her husband filed suit against Ohio Edison Company f.k.a. Cleveland Electric Illuminating Company. The suit was filed in Mahoning County since Ohio Edison has a principal place of business in Youngstown.
 {¶ 4} After answering, Ohio Edison moved the court to substitute the real party in interest on the grounds that the bankruptcy estate of the Reighards, through its trustee, was the real party in interest. Apparently, they filed for bankruptcy shortly after the accident, but this personal injury claim was not scheduled as an asset.
 {¶ 5} On February 28, 2003, the trial court granted Ohio Edison's motion to substitute the real party in interest. Ohio Edison gave notice that it served the trustee with the court's judgment on March 18, 2003. Then, on April 4, 2003, Ohio Edison filed a motion to dismiss on the grounds that no substitution occurred. They argued that the trustee should have somehow asserted its claim in a timely manner.
 {¶ 6} The Reighards responded by arguing that the court already performed the substitution and that regardless of the bankruptcy estate's claim, they maintained an interest in the action since part of an award would be subject to bankruptcy exemption and any excess remaining after payment of debts would belong to them. The trustee responded that the bankruptcy court was in the process of appointing the Reighards' attorney to represent the estate in this action. On May 23, 2003, the trial court overruled Ohio Edison's motion to dismiss. Thereafter, the Reighards' attorney entered notice of appearance as counsel for the trustee.
 {¶ 7} On October 25, 2004, one week before the scheduled trial, plaintiffs filed a "Motion for Leave to Amend Complaint by Interlineation to Correct a Misnomer." They wished to change the defendant listed in the complaint to merely Cleveland Electric Illuminating Company (CEI). They stated that Ohio Edison was improperly named as the defendant. They noted that Ohio Edison was never formally known as CEI but rather both companies are subsidiaries of First Energy.
 {¶ 8} First, plaintiffs urged that this was not an actual substitution of parties because CEI's name was always on the complaint and CEI was aware that it was the proper party. Plaintiffs noted that many of the claims investigators and attorneys were the same for both companies. Second, plaintiffs argued that even if the court found that they are seeking substitution of parties, the substitution would relate back to the original complaint under Civ.R. 15(C) because CEI received notice of the action that they would not be prejudiced and they knew or should have known that but for the mistake, the action would have been filed against them.
 {¶ 9} Ohio Edison opposed the leave to amend establishing that they have been telling plaintiffs since their October 2002 answers to interrogatories that they were not formerly known as CEI, that First Energy is a holding company of both Ohio Edison and CEI and that CEI maintained the lines at issue. Ohio Edison stated that it is an entity separate from CEI, noting that merely being held by the same company does not make them indistinguishable. They also explained that they do not share an address or place of business with CEI. Thus, they concluded that the amendment sought would in fact be a substitution of parties controlled by Civ.R. 15(C).
 {¶ 10} Ohio Edison then pointed out that Civ.R. 15(C) only allows for relation back of amendment changing the party if "within the period provided by law for commencing the action against him," the party to be brought in has notice, will not be prejudiced and should have known the action was meant to be instituted against them. They then turned to Civ.R. 3(A), which states that an action is commenced if the complaint is served within one year. They stated that the statute of limitations ran out on February 11, 2002. And, they concluded once the statute of limitations had run, the amended complaint must be served on the new party within one year of the original timely filed complaint in order to relate back under the two rules read in pari materia. Thus, they claimed that CEI would have had to have been served by January 18, 2003, one year from the January 2002 filing in order for the amended complaint to relate back and avoid the statute of limitations bar.
 {¶ 11} On November 10, 2004, the court overruled plaintiffs' motion for leave to amend the complaint. On May 5, 2005, Ohio Edison filed a "Motion for Judgment." First, they argued that there was no genuine issue of material fact because Ohio Edison is not associated with the electric lines involved in the incident at issue in the case. They noted that CEI, not Ohio Edison, would be the proper defendant.
 {¶ 12} Second, Ohio Edison claimed that the real party in interest, being the bankruptcy trustee, did not ratify the initiation of the lawsuit, representing a failure to prosecute allowing for involuntary dismissal under Civ.R. 41(B). They urged that the trustee had to engage in some affirmative act, such as asserting its claims in a complaint, after the court's substitution order.
 {¶ 13} Third, Ohio Edison stated that neither the trustee nor the husband responded to certain discovery requests. They concluded that dismissal as a sanction would be appropriate under Civ.R. 37(D).
 {¶ 14} Plaintiffs responded to the last argument by noting that dismissal would be too extreme of a sanction for this claimed insufficient discovery. They responded to the second argument by noting that the court already rejected this argument when denying Ohio Edison's April 4, 2003 motion to dismiss. They stated that the court's action of substituting the trustee did not require a further act.
 {¶ 15} As for Ohio Edison's first argument, plaintiffs reiterated their argument presented in their motion for leave to amend their complaint. They urged that CEI had notice of the action. They focused on the fact that CEI's name appeared in the complaint even if Ohio Edison was not formerly known as CEI. And, they claimed that the same people handle injury claims for both companies.
 {¶ 16} Plaintiffs then sought reconsideration of the denial of their motion to amend the complaint to substitute parties. Ohio Edison again responded that actual notice does not overcome the failure to serve CEI.
 {¶ 17} On June 16, 2005, the trial court released a judgment overruling plaintiffs' motion to reconsider the court's November 10, 2004 judgment entry; thus, the court reaffirmed its order denying leave to amend the complaint to change the defendant to CEI. The court also sustained Ohio Edison's motion for judgment, making a final judgment. Plaintiffs [hereinafter appellants] filed timely notice of appeal.
 APPELLEES' INITIAL ARGUMENT {¶ 18} Ohio Edison initially argues that the court's judgment should be affirmed because their motion was based upon three distinct issues, but appellants' arguments only concern their renewed motion to amend. Specifically, appellants' two assignments of error both revolve around their claim that the trial court should have allowed them to amend their complaint in a manner that would relate back to their original filing.
 {¶ 19} Since they entitled their entire motion a "Motion for Judgment" and since the court's entry granted a motion for judgment, Ohio Edison claims that the court's decision could have been based on any one of the three grounds raised in their motion. Ohio Edison concludes that since appellants only make appellate arguments concerning their desire to amend the defendant's name, appellants consent to judgment on all grounds not appealed. Since a valid judgment on those grounds would require judgment in Ohio Edison's favor, they urge that the court's judgment can be affirmed without regard to the assignments of error raised below.
 {¶ 20} However, it seems clear that the court's judgment related to the first ground raised in Ohio Edison's motion. That is, the court's decision rested on the fact that there was no genuine issue of material fact relating to Ohio Edison's liability. This is because it was essentially undisputed that only CEI was a proper defendant. Rather than arguing about Ohio Edison's liability, appellants focus on the court's denial of their motion for leave to amend. Conceding that summary judgment was properly entered for Ohio Edison does not deny them the right to appeal the court's denial of leave to amend.
 {¶ 21} And, simultaneous with the court's motion granting judgment for Ohio Edison, the court denied appellants' motion to reconsider its November 10, 2004 decision denying leave to amend the complaint to change the defendant's name to CEI. This is telling of the character of the court's decision. If the decision was based upon the other two grounds of Ohio Edison's motion (the bankruptcy trustee failing to assert a claim and discovery violations), then the court would not have needed to rule on appellants' reconsideration motion.
 {¶ 22} Moreover, the first ground raised in Ohio Edison's motion called for a grant of summary judgment, which is consistent with the court's language granting judgment for Ohio Edison. The second ground raised by Ohio Edison called for dismissal of the action for the trustee's alleged failure to act in a timely manner and failure to prosecute. And, the third ground raised in their motion called for dismissal of the action as a discovery sanction. Although Ohio Edison's motion was entitled, "Motion for Judgment," the court would have granted "dismissal" rather than "motion for judgment" if its decision was based upon either the second or third grounds.
 {¶ 23} We also note, as appellants argued below regarding the second ground, the trial court had already discarded Ohio Edison's argument that the bankruptcy trustee was required to perform some affirmative act after being substituted as the real party in interest by the trial court. The court denied Ohio Edison's prior motion to dismiss, which raised these same arguments.
 {¶ 24} Additionally, regarding the third ground, a Civ.R. 37(D) request for dismissal due to discovery violations cannot be filed unless the movant made a reasonable effort to resolve the matter through discussion and recited those efforts in an accompanying statement. Civ.R. 37(E).
 {¶ 25} Here, Ohio Edison had a prior motion for discovery sanctions which mentioned efforts to resolve a discovery dispute concerning Kathleen's medical records and expert witnesses. However, there was no statement or evidence of the efforts made to resolve the discovery dispute now raised in Ohio Edison's final motion to dismiss regarding the trustee's and the husband's alleged failure to respond to interrogatories issued in June 2004. Thus, the third ground raised in their final motion to dismiss was inappropriate under Civ.R. 37(E).
 {¶ 26} For all of the foregoing reasons, we find that the court's judgment relates only to the first ground raised in Ohio Edison's motion and the fact that CEI was not named as a defendant. Thus, we continue our analysis of the issues presented.
 {¶ 27} The substance of appellants' assignments of error deals with the court's original denial of the motion to amend the complaint and the court's subsequent refusal to reconsider that motion to amend. In other words, even if summary judgment was appropriate regarding Ohio Edison because the electric line involved was not associated with their company, appellants would still have a claim remaining against CEI, who was associated with the offending electric line, had the court allowed appellants to amend their complaint with relation back to the original complaint.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 28} Appellants' first assignment of error provides:
 {¶ 29} "THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO ALLOW THE PLAINTIFFS-APPELLANTS LEAVE TO CORRECT THE MISNOMER OF THE APPELLEE BECAUSE THE APPELLEE'S CORRECT NAME WAS ALWAYS INCLUDED ON THE COMPLAINT."
 {¶ 30} First, appellants urge that their request for leave can be construed as a mere desire to correct a misnomer. They use the word misnomer as meaning a mistake in naming a party but add that it is to be distinguished from a name change that actually ends up changing the party itself. When the defendant's name is changed in the complaint, the amendment is governed by Civ.R. 15(C), the application of which appellants are trying to avoid at his juncture.
 {¶ 31} Civ.R. 15(C) is used to determine if the amendment would relate back to the filing of the original complaint and must be applied where the amendment sought is "[a]n amendment changing the party against whom the claim is asserted." To circumvent the application of this rule, appellants' initially attempt to characterize the issue as a minor mislabeling of the defendant rather than a request to substitute defendants.
 {¶ 32} We reiterate here that appellants named the defendant as Ohio Edison Company f.k.a. Cleveland Electric Illuminating Company with an address in Youngstown, Ohio. A simple example of correcting a defendant's name would be if appellants were merely trying to delete the f.k.a. Cleveland Electric Illuminating Company from the defendant's name because Ohio Edison was never known as CEI. However, appellants wish to delete the main defendant who was named and served.
 {¶ 33} Appellants believe that because CEI's name appears within the defendant's name in the caption of the complaint, it is a mere correction of a misnomer to delete the Ohio Edison f.k.a. portion of the name. But, this is much more extreme than the example set forth above. Since the main defendant was not in fact formerly known as CEI, but rather is a separate company from CEI, it is more than correction of a misnomer to delete the main defendant and proceed against the company incorrectly noted as after f.k.a. This is especially true where the new defendant was never served. Thus, the changing of the name is more than correction of a misnomer in the sense used by appellants. The address of service would also have to change.
 {¶ 34} In fact, Civ.R. 15(C) would be applicable either way. The Supreme Court case cited by appellants does not support their position under this assignment of error. The Supreme Court addressed a case where the plaintiff named the defendant as "Board of Trustees of Blanchard Valley Hospital." Apparently, there was no board of trustees at the hospital, and the correct defendant's name was "The Blanchard Valley Hospital Association, Inc." The trial court dismissed the action and then dismissed an amended complaint naming the correct defendant; the trial court found that the amendment was not filed within the statute of limitations and did not relate back. However, the Court of Appeals reversed, and the Supreme Court agreed with this reversal. The Court concluded that the amended complaint would relate back to the original filing under Civ.R 15(C). Hardestyv. Cabotage (1982), 1 Ohio St.3d 114, 1161-17.
 {¶ 35} This case does nothing for appellants' argument that Civ.R. 15(C) is inapplicable to their scenario. The Supreme Court explicitly applied Civ.R. 15(C)'s test for changing parties even though the names were very similar (with Blanchard Valley Hospital included in both) and even though, contrary to the facts in this case, both complaints were served at the same address and signed by the same recipient.
 {¶ 36} As such, it is clear that Civ.R. 15(C) would apply to the facts of this case. The amendment sought by appellants is "[a]n amendment changing the party against whom the claim is asserted," which may eventually require application of Civ.R. 15(C) to determine if the amendment would relate back to the filing of the original complaint. This leads to appellants' alternative argument encompassed within the next assignment of error.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 37} Appellants' second assignment of error provides:
 {¶ 38} "TO THE EXTENT THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND SOUGHT TO SUBSTITUTE ONE PARTY FOR ANOTHER, THE SUBSTITUTION OF CEI RELATES BACK TO THE FILING OF THE ORIGINAL COMPLAINT."
 {¶ 39} After the responsive pleading is filed, a party may amend his pleading only by leave of court or by written consent of the adverse party. Civ.R. 15(A). "Leave of court shall be freely given when justice so requires." Civ.R. 15(A).
 {¶ 40} Where the statute of limitations has run, Civ.R. 15(C) provides the test for determining if the amendment relates back to the date of the original pleading. First, the rule states that if the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, then the amendment relates back. Civ.R. 15(C). There is no dispute that this initial Civ.R. 15(C) test was met in this case.
 {¶ 41} Where the amendment changes the party against whom the claim is asserted, relation back also requires satisfaction of an additional test:
 {¶ 42} "within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Civ.R. 15(C).
 {¶ 43} Pursuant to Civ.R. 3(A):
 {¶ 44} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ. R. 15(D)."
 {¶ 45} The Supreme Court has read these rules in pari materia to mean that notice to the new defendant must occur within one year of the filing of the complaint if the statute of limitations has run and that such notice does not require service. Cecil v.Cottrill (1993), 67 Ohio St.3d 367, 370. Thus, notice need not be received before the statute of limitations ran. Id. And, eventual service need not be completed within one year of filing of the original complaint. Id. (original complaint filed on day statute of limitations ran and correct defendant not served until seventeen months after complaint was filed).
 {¶ 46} Thus, Ohio Edison incorrectly argues that even actual notice does not overcome a failure to serve CEI. Service would not be at issue under Civ.R. 15(C) until the court grants leave to amend and amendment is accomplished.
 {¶ 47} Ohio Edison alternatively urges that there was no evidence that CEI had notice prior to the statute of limitations running even with the one year additional time after filing the original complaint under Civ.R. 3(A). In other words, they contend that CEI did not have notice of the lawsuit prior to January 18, 2003. Ohio Edison also complains that they had been telling appellants all along that they had the wrong defendant.
 {¶ 48} Appellants respond by arguing that, prior to the time for commencement of the action, CEI did in fact have such notice of the action that it would not be prejudiced in maintaining its defense on the merits and they should have known that the suit would have been initiated against them but for the mistake in identifying the defendant.
 {¶ 49} CEI obviously knew of the February 11, 2000 incident and injury as it was their lineman who received the call about Kathleen being shocked and who fixed the ruptured electric line approaching their residence. However, the question is whether CEI had notice of the institution of the action such that it would not be prejudiced by being substituted as the defendant.
 {¶ 50} It is clear CEI knew of the institution of the lawsuit at the time their lineman was sought to be deposed. However, this notice of deposition occurred in the summer of 2003. As aforementioned, what appellants need is evidence of notice prior to January 18, 2003.
 {¶ 51} Contrary to one of the propositions offered by appellants, there was no service upon CEI. Unlike the Supreme Court's Hardesty case, one cannot use the mere address of service here to impute notice to the new defendant. This is not a right address/misstated name case. The address instructed for service in this case was Ohio Edison's Youngstown business establishment. CEI does not do business or have a place of business in Youngstown or Mahoning County.
 {¶ 52} Appellants then urge that CEI received notice from its parent company, First Energy. They point to the correspondence they received from an attorney/claims representative on First Energy letterhead stating that Ohio Edison's investigation into Kathleen's claim does not reveal negligence and that the circumstances indicated that inadequate grounding on Kathleen's house was the cause of her injury. This seems to establish that there was no indication of internal distinguishing between the companies when it came to the investigation of injury claims. Since the parent company was informed of the suit and pre-filing claims investigation services to its subsidiaries and since the lines were actually the province of CEI, one could presume the parent company informed CEI of that fact while providing initial representation for Ohio Edison upon appellants' presuit inquiry and subsequently advised CEI of the filing of the lawsuit.
 {¶ 53} Besides notice from the parent company, CEI may have received notice from its affiliate, Ohio Edison. In order for Ohio Edison to investigate the claim, they had to inquire with CEI's lineman and line supervisor. It would be reasonable to assume that they then informed CEI of the filing of the lawsuit. These presumptions are bolstered by the fact that CEI's name was mentioned on the complaint, although not enough to name it as a defendant. Appellants cite Columbus Bd. of Edn. v. ArmstrongWorld Indus. (1993), 89 Ohio App.3d 846, and contend that there was an "identity of interests" sufficient to provide the notice required for relation back of amendments.
 {¶ 54} We also note that appellants' notice of deposition instructed Ohio Edison to produce those individuals "who are under the control and/or direction of Ohio Edison Company." In response, a CEI lineman was produced. This is telling of the coordination between the companies.
 {¶ 55} It is also noted that Ohio Edison's response to appellants' motion to amend does not set forth arguments relative to the notice element of Civ.R. 15(C). Nor does their memorandum opposing appellants' motion to reconsider. Rather, they focused on appellants' lack of diligence in seeking leave to amend. This is not an element on Civ.R. 15(C) except to the extent that prejudice is argued to exist. Rather, it is more of an argument under Civ.R. 15(A) concerning the rule that the trial court should freely grant leave to amend when justice so requires.
 {¶ 56} One reason for this may be that Ohio Edison cannot truly state whether CEI had notice if they are separate companies. Rather, CEI would need to assert its own arguments regarding Civ.R. 15(C) and the relation back requirements for avoiding a statute of limitations bar. Since CEI is not a party at this time, they should be given a chance to make arguments of their own. If notice comes down to credibility and choosing between the reasonable presumptions outlined supra, then a hearing would be necessary. Such hearing could not occur, however, until: (1) appellants are permitted to amend their complaint to substitute CEI as the defendant, (2) service is complete upon CEI at the proper establishment, and (3) CEI presents a timely argument that the statute of limitations has run due to appellants' inability to meet Civ.R. 15(C)'s relation back requirements.
 {¶ 57} One must recognize here that this case is distinguishable from those cases where the intended defendant argues against amendment even though they were incorrectly named. In those cases, such as Hardesty, the proper service address was the same for the named defendant and the intended defendant, the same individual signed the summons for both defendants, and the issue was a misstated but similar corporate name where the named defendant does not even exist. Here, the named defendant does exist, the names are not similar, and service did not occur at the address of the intended defendant. Here, the named defendant makes arguments for an intended defendant, whom the named defendant insists is a wholly separate entity.
 {¶ 58} Accordingly, the question of whether an amendment would relate back is not the proper subject of this appeal. Under the facts and circumstances existing herein, amendment under Civ.R. 15(A) would be required before relation back can be addressed. Deliberation on the topic of relation back would only be proper upon amendment where CEI is present to be questioned concerning notice. (In fact, following any amendment, CEI would likely raise venue issues prior to relation back arguments because CEI is not located and does not do business in Mahoning County). In order to determine the applicability of the relation back provisions of Civ.R. 15(C), a hearing involving credibility determinations would be appropriate. The rebuttable presumptions reviewed supra could be considered in determining the notice issue as they would affect weighing the evidence and credibility decisions.
 {¶ 59} Thus, the actual question for purposes of this appeal is whether the trial court should have granted appellants' October 2004 motion for leave to amend their complaint to name CEI as a defendant, without regards to relation back issues. This requires us to ask whether the trial court abused its discretion in failing to give leave to amend under Civ.R. 15(A), which provides that such leave of court shall be freely given when justice so requires.
 {¶ 60} In answering this question, we first recognize the timing of the motion for leave to amend. Appellants' motion was filed in October 2004, just over a week before a scheduled trial date. This was over two and a half years after they filed the lawsuit. We also realize that the fact that CEI should have been named as a defendant could have been gleaned from a closer reading of Ohio Edison's October 2002 answers to interrogatories.
 {¶ 61} Interrogatory number three asked if Ohio Edison was owned or affiliated with another entity. Ohio Edison responded that First Energy is a holding company for Ohio Edison, CEI, Toledo Edison and other companies. (Int. 3).
 {¶ 62} Interrogatory number two asked if the electric company was properly named in the complaint, and if not, what the correct identification was. In their October 2002 answer, Ohio Edison merely responded to this question by advising that Ohio Edison was not formerly known as CEI. They did not state here that CEI would have been the properly named electric company.
 {¶ 63} However, Interrogatory number twenty-five asked Ohio Edison to identify the entity involved in maintaining the wiring to Kathleen's residence. Their response was CEI. Thus, Ohio Edison did notify appellants that CEI maintained the lines at issue.
 {¶ 64} Regardless of whether they noticed number twenty-five, it is true that appellants were aware that CEI maintained the lines at the time of the deposition of CEI's lineman in August 2003. Why they waited until October 2004 to seek amendment is generally explained by allegations that Ohio Edison held themselves out as the proper defendant or that they believed they sufficiently named CEI.
 {¶ 65} Appellants did demonstrate that prior to their filing of the lawsuit, they received correspondence from an attorney/claims representative on First Energy letterhead speaking about Ohio Edison's investigation into the injury. They were not advised at that time that Ohio Edison was not responsible for the lines, thus contributing to the initial confusion.
 {¶ 66} Ohio Edison's advanced claim representative, who was deposed in August 2003, made some statements which failed to distinguish that Ohio Edison and CEI were two separate companies. Also, Ohio Edison coordinated appellant's various deposition requests with CEI. If they were not associated with CEI, one wonders why they would get involved in ensuring the presence of deponents who are strangers to their employment or why they procured records of inspections or the lack thereof from that other company. If they were truly claiming to be the wrong defendant, it seems they would have replied that the records and deponents sought were not within the province of their company.
 {¶ 67} As can be seen from the language of Civ.R. 15(A), Ohio has a liberal policy regarding amendments of complaints where the amendment is not sought in bad faith and where it would not cause undue delay or prejudice to the opposing party. Turner v.Central Loc. Sch. Dist. (1999), 85 Ohio St.3d 95, 99; Barrettev. Lopez (1999), 32 Ohio App.3d 406, 410 (7th Dist.). True, the decision on amendment is within the trial court's discretion. SeeTurner, 85 Ohio St.3d at 99. However, if the trial court abuses its discretion, the appellate court can reverse. Id. Thus, we must determine whether it was unreasonable, arbitrary or unconscionable for the trial court to refuse to permit amendment of the complaint to substitute the intended defendant for the sole named defendant.
 CONCLUSION {¶ 68} In conclusion, we hold that amendment to name CEI and dismiss Ohio Edison should have been freely granted under the facts and circumstances presented in this case. The fact that the motion was filed so near the scheduled trial date and so long after the suit was filed does not prejudice Ohio Edison in any manner. This is not a case where the named defendant would remain as a defendant with the addition of a new defendant and the required reworking of the entire case strategy. Rather, appellants sought to dismiss Ohio Edison as a defendant and wholly substitute them with a new defendant. Considering their insistence that they are unrelated to CEI, their claims that they were not in any way involved in the electric lines at issue and appellants' failure to contest their lack of liability, Ohio Edison really has no standing to contest the motion to amend.
 {¶ 69} In fact, it is unlikely the trial court would have denied leave if Ohio Edison had not filed opposition to it. Ohio Edison was simultaneously filing memoranda defending their affiliate's position and claiming that they were not responsible for their affiliate's lines or for notifying their affiliate of the within suit. The trial court focused on Civ.R. 15(C) and made a premature relation back decision due to a lack of proof regarding notice to CEI. However, without CEI's presence in this suit, such proof was not available to appellants.
 {¶ 70} The unusual facts and circumstances existing in this case establish that justice requires leave to be freely granted. Bad faith on the part of appellants' request is not apparent here. The reasons for the delay in seeking amendment revolve around the confusion as to the structure of the defendant entity, its affiliate and its parent company and the question as to why they all appeared to act in concert in the preliminary and post-filing stages of this claim. As outlined supra, Ohio Edison and its parent company engaged in a multitude of acts that gave the impression that the correct party had been named in one way or another.
 {¶ 71} Prejudice to Ohio Edison is lacking. The amendment sought to relieve them from liability. Prejudice to CEI is minimal and can be fully argued by that party in any subsequent relation back hearing. We thus hold that it was unreasonable to deny appellants leave to amend the complaint to substitute CEI as the defendant in this case.
 {¶ 72} For the foregoing reasons, the judgment of the trial court is hereby reversed and this case is remanded for amendment of the complaint to name CEI as the sole defendant.
Donofrio, P.J., concurs.
Waite, J., concurs.