OPINION AND JOURNAL ENTRY
{¶ 1} Defendant-appellee Ohio Edison Company has filed a timely motion to reconsider portions of our opinion and judgment in Reighard v. Cleveland Electric Illuminating, 7th Dist. No. 05MA120, 2006-Ohio-1283. For the following reasons, the application for reconsideration is denied.
 {¶ 2} A party may seek an application for reconsideration within ten days of the appellate court's judgment. App.R. 26(A). The application must call to the attention of the court an obvious error in its decision or raise an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been. Juhasz v.Costanzo (Feb. 7, 2002), 7th Dist. No. 99CA294. If the issue is one of clarification or expansion, such can be addressed while still denying the application. A motion for reconsideration is a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. Scott v.Falcon Transport Co., 7th Dist. No. 02CA145, 2004-Ohio-389. Reconsideration motions are rarely considered when the movant simply disagrees with the conclusions reached and the logic used by an appellate court. Victory White Metal Co. v. N.P. MotelSyst., 7th Dist. No. 04MA245, 2005-Ohio-3828, ¶ 2.
 {¶ 3} First, appellee complains that this court did not fully address one part of its three part November 10, 2005 motion to dismiss the appeal. In a February 6, 2006 judgment entry, we instructed appellees that their motion presented arguments directly related to the issues on appeal and that we would thus not address it prior to addressing the merits of the appeal. Specifically, appellee states that we failed to explain the shortcomings in its argument that Kathleen Reighard was the sole appellant named in the notice of appeal but that she had no standing to appeal because the trial court substituted the Reighard's Bankruptcy Estate for the Reighards.
 {¶ 4} As we noted in our opinion, the Reighards had responded to one of appellee's motions to dismiss in the trial court by urging that regardless of the bankruptcy estate's claim, they maintained an interest in the action since part of the award would be subject to the bankruptcy exemption and any excess remaining after payment of debts would belong to them. Reighard
at ¶ 6. And, the trial court overruled appellee's motion to dismiss at that time. Id.
 {¶ 5} We also pointed out that appellee filed a second a motion to dismiss in the trial court, which alleged in part that the case should be dismissed because the bankruptcy estate was the only real party in interest and it failed to prosecute the case or engage in some affirmative act. Id. at ¶ 12. On appeal, appellee initially argued that the judgment should be affirmed because their motion was based upon three distinct issues but that appellants' arguments only concerned their motion to amend the complaint. Id. at ¶ 18. We disagreed and found that the trial court's judgment was based only upon the fact that it was conceded Ohio Edison was the wrong defendant. Id. at ¶ 20-27. We noted that the trial court had already denied appellee's motion to dismiss regarding the allegation that the bankruptcy estate was the only real party in interest but it failed to engage in an affirmative act. Id. at ¶ 23.
 {¶ 6} Although we may not have specifically stated so, it was implied that we agreed that the Reighards maintained an interest in the action and remained parties with assertable rights even after the bankruptcy estate was made a party. As they pointed out, in an electric shock case with allegedly permanent injuries, there may be money left over after satisfying the claims of the bankruptcy estate, some of which may be medical expenses incurred as the direct result of the injuries claimed in this case. There is also their claim of a bankruptcy exemption, which was not disputed. The bankruptcy estate need not be trusted to represent the rights of the Reighards in this matter. For instance, the bankruptcy estate may have an interest in settling for a low amount just to satisfy its creditors without regard to what the Reighards believe their claim is worth. And, using appellee's own argument, if the bankruptcy estate failed to appeal, Kathleen's entire claim could be lost. This is not permissible. Rather, the original plaintiffs maintain a position in the lawsuit even after the bankruptcy estate was made a party.
 {¶ 7} The Reighards asserted their claims throughout the proceedings below without being prohibited from doing so, even in the face of objections from appellee, which the trial court rejected. As such, we cannot now say that Kathleen Reighard lacks standing for purposes of bringing this appeal merely because her bankruptcy estate was made a party in the case below. Thus, appellee's argument, Kathleen Reighard (whom they claim is the only party named as an appellant in the notice of appeal) lacked standing, is without merit.
 {¶ 8} We now turn to appellee's request for clarification of our use of "appellants" plural when reversing and remanding. They complain that the notice of appeal only specified Kathleen as the appellant, but App.R. 3(D) provides that the content of the notice of appeal shall specify the party or parties taking appeal.
 {¶ 9} Firstly, the Ohio Supreme Court has stated:
 {¶ 10} "Courts have thus permitted the benefits of an appeal to inure to a nonappealing party where a proper disposition of the case on another trial is dependent on the further presence in the case of the non-appealing parties, where the justice of the case requires the reversal or modification of the judgment as to nonappealing parties, where the non-appealing parties are minors, where error permeates the entire case, or where double recovery might result if the judgment against a nonappealing party is allowed to stand. Wigton v. Lavender (1984), 9 Ohio St.3d 40,42.
 {¶ 11} "[W]here one party appeals from a judgment, a reversal as to him will not justify a reversal against other non-appealing parties unless the respective rights of the appealing party and non-appealing parties are so interwoven or dependent on each other as to require a reversal of the whole judgment." Id. at 43.
 {¶ 12} Here, the parties' causes of action are not separate and distinct. The bankruptcy estate has no cause of action apart from that of the Reighards. In fact, appellee has already argued that the estate's presence is required in this case. See Stateex rel. LTV Steel Co. v. Gwin (1992), 64 Ohio St.3d 245, 250
(the benefits of an appeal can inure to a non-appealing party where a proper disposition of the case on another trial is dependent on the further presence in the case of the non-appealing party). The rights of the appealing and non-appealing parties can be said to be so interwoven as to allow reversal of the entire judgment for all plaintiffs even if this would serve to inure to the benefit of allegedly non-appealing plaintiffs. See Wigton. See, also, Gallagher v. ClevelandBrowns Football Co., Inc. (1994), 93 Ohio St.3d 449, 455-456
(where all represented by same counsel, all relied on same answer, and it appeared trial court merged their existence at trial).
 {¶ 13} However, we need not even rely on that doctrine because the notice of appeal did mention other appellants. Although part of the text of the notice of appeal only mentioned plaintiff Kathleen Reighard, it is captioned "Kathleen Reighard, et al." And, it begins by referring to Plaintiffs' (plural) notice of appeal. Thus, it seems clear that all plaintiffs below were appealing. Moreover, the Reighards' attorney responded to appellee's motion to dismiss by stating that he was asked to handle the appeal for the bankruptcy estate. Notably, this attorney represented all parties below.
 {¶ 14} The Ohio Supreme Court has held that inclusion of the designation "et al." in the notice of appeal, without specifically naming a party, is sufficient compliance with App.R. 3(D) so as to vest jurisdiction in the court of appeals over the unspecified appellant. Transamerica Ins. Co. v. Nolan (1995),72 Ohio St.3d 320, 322 (refusing to interpret Ohio's rule as strictly as the federal courts interpret their rule). Pursuant to App.R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal. Id. The other requirements were said to lie within the appellate court's discretion. Id. Still, the Supreme Court found an abuse of discretion by the court of appeals in dismissing cases merely because et al. was used instead of listing all appellants, opining:
 {¶ 15} "when the mistake was made in good faith, no prejudice accrued as a result, dismissal constituted a disproportionate sanction, the client was punished for the fault of his counsel and the dismissal frustrated the overruling objective of deciding cases on their merits." Id. at 322, citing National Mut. Ins.Co. v. Papenhagen (1987), 30 Ohio St.3d 14.
 {¶ 16} Appellee cites our case Ambrosia Coal Constr. Co.v. C.B.G., Inc. (Sept. 14, 2001), 7th Dist. No. 00CA101 in support of its dismissal request. That case is distinguishable because the only party in the notice of appeal was a non-existent defendant entity and the brief was filed by a different party-defendant. In this case, the party listed exists, is the main plaintiff and is one of the same parties who filed the brief. And, in Ambrosia, we relied on the fact that "there is no designation of Leber, Inc. as taking an appeal nor is there adesignation that C.B.G., Inc., et al. was taking an appeal." Id. (Emphasis added). Here, there is in fact a designation that Kathleen Reighard "et al." was appealing and another reference to "Plaintiffs' [plural] notice of appeal." Thus, reliance on the Supreme Court's Transamerica holding is required here. For all the reasons expressed above, the benefit of our reversal inures to all plaintiffs.
 {¶ 17} Appellee's next reconsideration argument is that we misinterpreted the Supreme Court case of Cecil v. Cottrill
(1993), 67 Ohio St.3d 367. In their brief, appellee first argued that even if CEI had actual notice of the lawsuit, such would not overcome a failure to serve them. We disagreed and held that the Supreme Court has read Civ.R. 3(A) and Civ.R. 15(C) in pari materia to mean that notice to the intended defendant must occur within one year of the filing of the original complaint if the statute of limitations has run and that such notice does not require service. Reighard at ¶ 45, citing Cecil,67 Ohio St.3d at 370.
 {¶ 18} Appellee takes issue with our statement that it is notice to, not service on, the intended defendant that must occur within one year of the filing of the original complaint. Appellee believes that the Cecil Court's decision was based upon the conclusion that service on the intended defendant was accomplished two days after the original complaint was filed. However, the Court made no such statement or implication. The service accomplished two days after the filing of the original complaint was made only upon the misnamed defendant. Specifically, the father was named as the defendant and served rather than the son. Although the father and son lived together and had the same names except for the middle initial, the court did not rely on proper service being made as the reason for its decision.
 {¶ 19} Rather, they found that the son had notice for purposes of relation back. Cecil, 67 Ohio St.3d at 371
("defendant sought to be sued was given timely notice"). The Court expressly found that the father told his son about the lawsuit soon after he received the summons. Id. at 367-368. And, the Court specifically noted that service on the son did not take place until seventeen months after the original complaint was filed. Id. at 368, 374, fn. 1. See, also, id. at 373 (Wright, J., dissenting).
 {¶ 20} Yes, the Court explained that Civ.R. 3(A) provides two conditions for commencement of a civil action: the filing of the complaint and service within one year from the filing. Id. at 370. However, the Court did not stop there. The Court continued that Civ.R. 3(A) must be read in pari materia with Civ.R. 15(C). Id.
 {¶ 21} Civ.R. 15(C) provides that notice (not service) must occur within the period provided by law for commencing the action. And, the Supreme Court found that the language "within the period provided by law for commencing the action" includes the time for service allowed by Civ.R. 3(A). Id. at 371. This means that notice of the factors contained in Civ.R. 15(C) must occur within one year of the filing of the original complaint. Although service can constitute notice, notice can exist without service.
 {¶ 22} In fact, appellee's position here is basically what the dissenting justice in Cecil argued. Specifically, the dissent made the following comments:
 {¶ 23} "Under the majority's ruling a plaintiff who incorrectly names a defendant can receive more time to correct the error and serve the correct defendant than a plaintiff who initially names the correct defendant or names an unknown `John Doe' as the defendant. Under the majority's construction itcould be years after the initial filing before the correctdefendant is properly named. Indeed in the present case, theplaintiff did not serve the correct defendant until more thanseventeen months after the initial filing of the complaint.
 {¶ 24} "I believe there is another way to read Civ.R. 15(C) in pari materia with Civ.R. 3(A) without solving one legal inequity by creating another. I agree with the majority's interpretation of Civ.R. 3(A) that `commencement of a civil action' means the complaint must be filed within the period of the statute of limitations and service obtained within one year of the filing. I also agree that reading Civ.R. 15(C) in pari materia with Civ.R. 3(A) means that the language contained in Civ.R. 15(C) `within the period provided by law for commencing the action' includes the one year for obtaining service.However, I would construe the additional language in Civ.R.15(C) — `has received such notice of the institution of theaction that he will not be prejudiced in maintaining his defenseon the merits' — to mean that within the one year after theinitial filing an amended pleading must be filed and served onthe unnamed defendant. I recognize that a motion for leave to file an amended pleading may have to be filed with the amended pleading. The trial court may not rule on the motion until after the one-year has passed. That is why I would require service ofthe amended pleading on the incorrectly named defendant withinthe one year. When the trial court rules on the motion, even if after the one-year period, the amended pleading properly can be related back to the original pleading because the incorrectly named defendant will have received notice within the one year. Irealize that Civ.R. 15(C) uses the word `notice' rather than`service.' I think this is the proper choice of words because the use of the word `notice' avoids the technical problem of whether the pleading is considered to have been actually `served' until the trial court grants the motion to amend. This avoids any problem of a plaintiff being unable to obtain a ruling from the trial court on the motion for leave to amend prior to the expiration of the one-year period." Id. at 373 (Wright, J., dissenting) (emphasis added).
 {¶ 25} The words of the dissent are enlightening. They essentially encompass the same argument presented by appellee herein. We stand by our interpretation of Cecil.
 {¶ 26} For the foregoing reasons, the application for reconsideration is denied.
Vukovich, J., concurs.
Donofrio, P.J., concurs.
Waite, J., concurs.