**MILOS, Appellant,**

v.

**DOE et al., Appellees.**

[Cite as *Milos v. Doe*, 192 Ohio App.3d 751, 2011-Ohio-849.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 95315.

Decided Feb. 24, 2011.

David A. Katz Co., L.P.A., and Murray Richelson, for appellant.

Rawlin, Gravens Co., L.P.A., and Ronald V. Rawlin, for appellee Nationwide Mutual Insurance Company.

SEAN C. GALLAGHER, Presiding Judge.

{¶ 1} Plaintiff-appellant, Jon Milos, appeals the judgment of the Cuyahoga County Court of Common Pleas that dismissed the case as untimely commenced. For the reasons stated herein, we reverse the judgment of the trial court and remand the matter for further proceedings.

{¶ 2} This is a refiled action arising from a motor-vehicle accident in which Milos was allegedly injured. Milos filed his initial action on July 9, 2007, against "John Doe" and "Nationwide Insurance Company." Nationwide Mutual Insurance Company filed an answer in which it asserted that it had been "improperly designated as Nationwide Insurance Company." Although Nationwide Mutual Insurance Company ("Nationwide") was improperly identified, the record reflects that the complaint contained Nationwide's business address, the policy attached to the complaint was a Nationwide Mutual Insurance Policy, "Nationwide Insurance" is a registered trade name of Nationwide, and timely service was made on the defendant. Thus, Nationwide was on notice of the claims, had received service of the complaint, and appeared as a defendant in the action.

{¶ 3} The initial action was voluntarily dismissed pursuant to Civ.R. 41(A) in November 2008. The case was refiled on October 22, 2009, within the one-year time frame set forth in the saving statute. See R.C. 2305.19.

{¶ 4} The refiled complaint was virtually identical to the complaint filed in the initial action. It again identified "Nationwide Insurance Company" as a defendant. Service was attained at a business address for Nationwide, which thereafter filed an answer that again indicated the improper name designation. On January 8, 2010, Milos filed an amended complaint that properly named "Nationwide Mutual Insurance Company" as a defendant.

{¶ 5} Nationwide moved to strike the amended complaint because it was filed without leave of court. Nationwide also requested that the action be dismissed as not timely commenced. Nationwide claimed that the initial action was never properly commenced because plaintiff sued the wrong entity, he did not remedy the defect, and Nationwide had preserved the affirmative defense of failure of process and failure of service. Therefore, Nationwide maintained that the instant case had not been commenced within the statutory time limit.

{¶ 6} The trial court granted Milos leave to file the amended complaint, but dismissed the case. Specifically, the court found that the proper defendant was never served in the previous case, that the case as amended was not a refiled matter, and that the action was not timely commenced within two years of the alleged incident.

{¶ 7} Milos filed this appeal, raising one assignment of error challenging the trial court's dismissal of the action. He argues that because this is a case involving a misnomer in the name of the entity sued, as opposed to suing the wrong defendant or a nonexistent company, Civ.R. 15(C) operates to permit relation back of the amended complaint to the complaint in the initial action.

{¶ 8} Nationwide claims that Milos never commenced the original action because he had misnamed the defendant and thereby failed to obtain proper service. Nationwide further argues that Civ.R. 15(C) cannot be applied to relate back to the prior action. We do not agree with Nationwide's argument.

{¶ 9} Civ.R. 3(A) states: "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C) * * *." Civ.R. 15(C) permits an amended pleading to relate back to an original pleading when certain requirements are met.[1] The staff note to Civ.R. 15(C) indicates as follows: "[A]n amendment concerning parties to an action is not affected by an intervening statute of limitation provided that the conditions set forth in Rule 15(C) are met. Rule 15(C) makes clear that the inadvertent misnomer of a party, for example, may be corrected and that the correction relates back to the original pleading and is not affected by an intervening statute of limitation."

{¶ 10} In *Hardesty v. Cabotage* (1982), 1 Ohio St.3d 114, 1 OBR 147, 438 N.E.2d 431, the Ohio Supreme Court determined that Civ.R. 15(C) operated to permit the relation back of an amended complaint filed after the dismissal of the original complaint when an existing defendant, though improperly named, had been served. In *Hardesty,* the plaintiff filed a malpractice action naming the "Board of Trustees Blanchard Valley Hospital" as a defendant. Id. at 114–115. However, the intended defendant was "Blanchard Valley Hospital Association, Inc." ("the hospital"). Id. at 115. After the original action was dismissed, the plaintiff filed an amended complaint properly naming the hospital and asserting the identical claims. Id. at 115–116. The amended complaint was filed after the statute of limitations had expired but within one year of filing the initial complaint. Id. In finding that the relation-back rule applied, the Ohio Supreme

---

1. Civ.R. 15(C) provides as follows: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Court recognized that it was clear from the original complaint who the intended defendant was, service was made at the hospital's address, the hospital had notice of the action, and the hospital would not have been prejudiced in maintaining a defense on the merits. Id. at 116–117.

{¶ 11} Similar circumstances exist in this case. It was apparent from the complaint who the intended defendant was, because it identified Nationwide's business address and a Nationwide policy was attached to the complaint. Nationwide received timely service of the complaint, was on notice of the claim, and was not prejudiced in defending the case on the merits. Under these circumstances, the correction of the inadvertent misnomer of the defendant relates back to the original complaint in the initial action and is not affected by an intervening statute of limitations. See *Hardesty*, 1 Ohio St.3d 114, 1 OBR 147, 438 N.E.2d 431; Civ.R. 15(C); see also *Bentz v. Carter* (1988), 55 Ohio App.3d 120, 562 N.E.2d 925 (amendment related back to original complaint that misidentified defendant's first name).

{¶ 12} We also find that the cases cited by Nationwide are distinguishable from this case. See *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714 (certified-mail service failed and no further attempt was made); *Griesmer v. Allstate Ins. Co.*, Cuyahoga App. No. 91194, 2009-Ohio-725, 2009 WL 406558 (defendant was never named or served in the original action); *Dietrich v. Widmar*, Cuyahoga App. No. 85069, 2005-Ohio-2004, 2005 WL 991715, ¶ 11 (plaintiff attempted to add an entirely new defendant to the refiled action).[2]

{¶ 13} For these reasons, we conclude that the trial court erred in dismissing the case. Our decision comports with the notion that cases should be decided on the merits and not because of a mere pleading deficiency. See *Hardesty*, 1 Ohio St.3d at 117, 1 OBR 147, 438 N.E.2d 431. Accordingly, appellant's sole assignment of error is sustained.

Judgment reversed
and cause remanded.

ROCCO and KEOUGH, JJ., concur.

---

2. We also note that *Griesmer* and *Dietrich* are not in conflict with this case, because those cases are limited to the use of Civ.R. 15(C) to add a new party to a case, as opposed to a situation in which an intended defendant is improperly named but is served with process. Additionally, *Hardesty* is controlling law.